SOPHIA FOELS, Respondent, *v.* TOWN OF TONAWANDA, Appellant.

*Bridge — notice to a town of a defect therein — contributory negligence.*

In an action brought to recover the damages resulting from personal injuries the evidence tended to show that a hole about a foot wide had existed in a highway bridge for two or three weeks, into which the plaintiff stepped in the day-time, without seeing it, while walking immediately behind two other persons and looking straight before her.

*Held,* that the existence of the hole for such a length of time was sufficient to justify a jury in finding that the highway commissioner was guilty of negligence, and that the question of contributory negligence on the part of the plaintiff was properly submitted to the jury.

APPEAL by the defendant, the Town of Tonawanda, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Erie on the 3d day of July, 1891, upon the verdict of a jury for $4,500 after a trial at the Erie County Circuit.

The action was brought to recover for personal injuries sustained by the plaintiff in August, 1888, caused by her stepping into a hole in the sidewalk of a highway bridge in the village of Tonawanda. One of the planks of the sidewalk was out, which left a hole in the walk a foot wide and extending across the entire walk. The plaintiff, in company with her two sisters, was crossing the bridge in the day-time; she was walking immediately behind her sisters, looking straight ahead, and did not see the hole until she stepped into it and was injured.

There was evidence tending to show that the hole had been in the walk for two or three weeks immediately prior to the accident; and there was evidence on the part of the defendant controverting the claim of the plaintiff as to the existence of the hole for that length of time.

There was evidence that a few days before the accident the plaintiff was told of the hole in the bridge. She testified that she did not see the hole before she stepped into it, and did not know it was there.

The verdict was for $4,500; it was the second verdict for the same amount, the first one having been set aside by the judge before

whom the case was tried, for the reason that, in his opinion, it was excessive.

*George T. Quinby* and *John K. Patten*, for the appellant.

*W. B. Simson*, for the respondent.

LEWIS, J.:

The existence of the hole in the sidewalk of the bridge on one of the highways of the town for such a length of time as to justify the jury in finding the highway commissioner guilty of negligence was sufficiently established by the evidence.

Whether the plaintiff's negligence contributed to her injuries was, under the circumstances proven, a question for the jury.

The defendant's highway commissioner was in charge of the highway bridges of the town, including those within the corporate limits of the village of Tonawanda. The action was, therefore, properly brought against the town.

There does not seem to be any reason for reversing the judgment. It should be affirmed.

DWIGHT, P. J., and HAIGHT, J., concurred.

Judgment appealed from affirmed.