# Mayor and Aldermen of Birmingham v. Starr.

*Action against Municipal Corporation for Personal Injuries caused by Defective Sidewalks.*

1. *Action against municipal corporation for defective sidewalks; sufficiency of complaint.*—A complaint in an action against a municipality to recover damages for personal injuries resulting from an alleged defect in the sidewalk, which, after averments of the injury sustained, describes the defect as a "depression of the width of three feet and depth of three inches," make out a *prima facie* case, and is not demurrable because not alleging that the sidewalk was "in such condition as to be dangerous to a person exercising ordinary care."

2. *Same; construction of charter; exemption from liability.*—When a city is required, or power is conferred by its charter, to repair and keep in good condition its streets and sidewalks, it is liable to any one sustaining injuries by its failure to discharge the duty arising therefrom, unless it is clearly exempted from such responsibility ; and the charter of a city giving it authority "to establish streets and to regulate and control the paving and curbing of streets and sidewalks, and to open, alter and improve all avenues, streets and sidewalks," and providing that it shall not be liable for failure to exercise this power, does not exempt it from liability for injuries resulting from defects in streets and sidewalks already established.

3. *Same; when evidence as to accidents to others admissible.*—In an action against a municipality to recover damages for personal injuries received from a fall alleged to have been caused by reason of the defective condition of a sidewalk in the city, evidence that at different times other people fell at the same place, in the absence of testimony showing similarity of condition of the defect, or that the accidents occurred about the same time as the one complained of, is incompetent and inadmissible ; but testimony of a witness that he fell about the same time at the same place is admissible as being relevant to the question whether the sidewalk was in safe and proper condition at the time and place of accident to the plaintiff. (*Birmingham Union Railway Co. v. Alexander*, 93 Ala. 133, followed in part, and modified in part.)

4. *Same; duty of travellers; contributory negligence; knowledge of defects.*—A person travelling upon the sidewalk of a municipal corporation has the right to assume that it is in a safe and proper condition for public travel, and is under no duty to be on the lookout for dangerous defects therein ; but, if he has notice of a defect, or has reason

[Mayor and Aldermen of Birmingham v. Starr.]

to believe a defect exists in the sidewalk, it is his duty to be on the lookout for it and use reasonable care to avoid an accident therefrom, and if a failure to do so contributes to his injury, he can not recover.

5. *Knowledge by the city of defective condition of streets.*—Knowledge on the part of a city that a defect existed in a street or sidewalk may arise by implication; and if a defect is shown to have existed for a long time, the inference may be drawn that the city knew of it.

APPEAL from the City Court of Birmingham.

Tried before the Hon. H. A. SHARPE.

On the 22d day of March, 1895, appellee, Elizabeth C. Starr, brought this suit against appellant for five thousand dollars damages, for injuries sustained by her on one of the highways of the city of Birmingham.

The complaint contains one count, and alleges that on and before October 11, 1894, when the accident complained of occurred, appellant was a municipal corporation and that as such it was its duty to keep its highways in a good and safe condition for public travel by day and night, and that on the day and year aforesaid, it negligently permitted a certain sidewalk in said city to be out of repair by permitting a depression to remain therein of the width, to-wit, of three feet and depth of three inches, of which the defendant had notice, and that plaintiff while walking along said sidewalk in the night time, stumbled and fell, whereby she sustained injuries for which she sues, and demands five thousand dollars damages.

The defendant demurred to the complaint upon several grounds. The second ground of the demurrer is copied in the opinion. The fourth ground is as follows: "Because this defendant is not liable under its charter for failure to exercise its power to remove obstructions in, or fill in, or pave its sidewalks." The court overruled the demurrer to the complaint, and to this ruling the defendant duly excepted. Thereupon the defendant pleaded the general issue, and the following special pleas, upon which issue was joined:

"Third. This defendant says that the injury of plaintiff was proximately caused by the negligence of plaintiff in this, that said plaintiff was familiar with the depression or ditch alleged in the complaint, and with the condition of the sidewalk in said complaint described; nevertheless, she so carelessly and thoughtlessly conducted

herself while passing along said point as to suddenly step into said depression, and thereby cause the fall in said complaint alleged.

"Fourth. And defendant further says that the sidewalk at the place in the complaint mentioned was in a reasonably safe condition for ordinary use by persons passing along said sidewalk, and that the injury to plaintiff was the result of accident.

"Sixth. And for further plea defendant says that the inequality, or depression in the sidewalk at the point in the complaint set forth was not such an inequality or depression as was likely to cause any injury to ordinary persons passing along said sidewalk, and that the injury to plaintiff was proximately caused by the negligent and careless manner in which plaintiff was walking, whereby the slight depression in said sidewalk, which was reasonably safe for ordinary travel, in conjunction with the careless manner in which plaintiff was walking, caused plaintiff to stumble, and the careless manner of walking caused her to lose her balance and fall; so defendant says that the injury was the result of accident."

Upon the trial of the cause, as is shown by the bill of exceptions, plaintiff's testimony tended to show that on the sidewalk on the south side of Second Avenue, between Eighteenth and Nineteenth Streets in the city of Birmingham, there was a depression or inequality in the sidewalk; that said inequality had been there a number of years, and that the avenue was one of the public thoroughfares of the city and much frequented. Plaintiff herself testified on cross-examination that she had sometimes in going home passed down the sidewalk in question. There was also introduced by the plaintiff evidence tending to show the measurements of the place in question on the sidewalk, which measurements were substantially the same as those described in the complaint.

Edgar Murphy, witness for plaintiff, testified that he was employed at the Orange City Cycling Company, the point where the accident occurred; that he remembered the night plaintiff fell; heard her fall and looked around and saw her hit the ground; that there was a light in his store about thirty feet away from where plaintiff fell; that it would shine across the sidewalk where she fell; there was an arc electric light one-half block away. The witness was asked if he had known other persons to

be injured at the point in question, to which question the defendant objected, because the same was irrelevant, incompetent, illegal and immaterial, which objection was overruled, and appellant excepted. The witness then answered that he had known "other people to tumble in the depression and nearly fall and grunt." To this answer defendant objected, and moved to exclude it for the same reasons, and duly excepted to the court overruling his motion.

Charles Goldsmith, a witness for the plaintiff, was asked the following question : "If any accident occurred to you about that time [referring to the time of the accident], state when it was and where it was in in regard to the same place?" Defendant objected to the question because it was irrelevant, incompetent and illegal, which objection was overruled, whereupon the defendant duly excepted. The witness answered: "I went in November or October last year on the 2:30 train—A. G. S. train ; I was living on Sixteenth street and had to cross Second Avenue to get to the Union Depot, and I passed Second Avenue and fell by stepping in the place in front of bicycle store, there about where Mrs. Starr fell. It was on the south side of Second Avenue, on the sidewalk between Eighteenth and Nineteenth Streets." The defendant objected to the answer and moved to exclude it on the same grounds, which objection was overruled and the defendant duly excepted.

C. B. Bellsnyder, a witness for the defendant, testified that he was familiar with the place where the plaintiff fell, and had seen the depression a number of times ; that an electric light was on the corner, a half block away, which light would give light for a block ; that the depression had been in the sidewalk for a long time, and that shortly after the plaintiff's accident he had a conversation with her, and she showed him where she fell, and said to him at the time, "that it was an awful place, and that she had had to pass there three or four times a day going home." The plaintiff in rebuttal denied that she had had such conversation, as testified to by Bellsnyder.

Upon the introduction of the evidence, the court at the request of the plaintiff, gave to the jury the following written charges : (1.) "The court charges the jury that a traveller who is ignorant of defects in a public side-

walk has a right to assume the safety of the public sidewalk, and is not bound to be on the lookout for special danger therein." (2.) "The court charges the jury that although the jury may believe the plaintiff knew of the defects in the sidewalk into which she stepped and fell on the sidewalk, that it is not conclusive as a matter of law that she was negligent." (3.) "The court charges the jury that if the defect in the sidewalk complained of existed for a long time or a considerable length of time, the jury may look to that circumstance in declaring whether the defendant city had notice of that fact." The defendant separately excepted to the giving of each of these charges, and also separately excepted to the court's refusal to give each of the following charges requested by it: (4.) "The jury is instructed that if they shall believe from the evidence that the plaintiff knew of the depression in the sidewalk at the time of the injury, or by the use of ordinary care and prudence could have known of it, and she thoughtlessly and in an absent-minded way stepped into the depression, which thereby contributed proximately to the injury, then she can not recover in this suit." (5.) "The jury is instructed that if there was sufficient light thrown on the sidewalk in question, so that any dangerous or unsafe ditch or excavation that might be therein would be revealed by said light, and they shall believe from the evidence that Mrs. Starr knew of the place in question, or had reason to believe that it did exist, then it was her duty under the law to be on the lookout and watch to detect it and avoid it, and if she failed so to do and thereby contributed proximately to her injury, then she can not recover." (6.) "The jury is instructed that if they shall find from the evidence that the sidewalk where plaintiff is alleged to have fallen was dangerous or not reasonably safe for the travel of persons exercising ordinary care and diligence, and that the condition of the sidewalk was known to plaintiff, or by the exercise of ordinary care and prudence could have been known to her, then the plaintiff was required to use more than ordinary care and caution to avoid the accident, and if she failed so to do, and thereby contributed proximately to the injury, she can not recover in this action." (7.) "The jury is charged that when a dangerous or unsafe defect or excavation exists in the

highways of a city it is the duty of the city to protect the public by barriers or lights to keep people from running into danger or injuring themselves; and the jury is instructed that if they shall find from the evi- dence that there was sufficient light on the sidewalk in question for a person exercising ordinary care and prudence to detect the 'excavation' in question, but that no barrier was placed around the excavation in question, yet the plaintiff can not recover in this action for the failure to put barriers around the place, if by the means at hand there was sufficient means for a person exercising ordinary care and prudence to detect the 'excavation' aforesaid, and that by reason of her failure to take the necessary precaution she contributed proximately to the injury in question.''

There were verdict and judgment for the plaintiff, assessing her damages at $500. The defendant appeals, and assigns as error the several rulings of the trial court to which exceptions were reserved.

R. B. Evans, for appellant.—The complaint failed to show that the sidewalk in question was not reasonably safe for persons exercising ordinary care, and also failed to show that said sidewalk was dangerous, or that any actionable or culpable defect existed therein; and the demurrers raising this objection should have been sustained.—9 Amer. & Eng. Encyc. of Law, 378, n. 2; 2 Dillon Municipal Corp., §§ 789, 1015, 1019. The court erred in not sustaining the fourth ground of demurrer of defendant to appellee's complaint.—Acts 1890-91, pp. 133, 147, § 33; 149, § 35; *Albrittin v. Mayor*, 60 Ala. 494; *Williams v. Taxing District*, 16 Lea, (Tenn.) 531.

Witnesses Murphy and Goldsmith should not have been allowed to testify of other accidents at or about the *locus in quo*.—1 Greenl. on Evidence, §§ 52, 448; *Collins v. Inhabitants*, 6 Cush. (Mass.) 397.

The charges asked by defendant should have been given.—Beach on Contributory Negligence, pp. 258, 259; *Chewning v. Ensley R. Co.*, 100 Ala. 493; Sackett on Instructions to Juries, 245.

Ward & Campbell, *contra*.—The two clauses of the charter of the city of Birmingham involved in this case, do not exempt the said city from liability to respondent

in damages from the negligence of its .duty to keep its streets in a reasonably safe condition for the use of the public. This court has repeatedly held that the Mayor and Aldermen of Birmingham, a body corporate, was liable in damages for neglecting to perform its duty to keep its streets in a reasonably safe condition, resulting in personal injuries.—*Mayor, &c. v. Tayloe*, 105 Ala. 170; Buswell on Personal Injuries, § 164. The grant of a power does not carry with the grant the compulsory duty of performance. The failure to exercise the power to open, improve or grade a street is not actionable, but the neglect to keep a street in a reasonably safe condition resulting in a personal injury is actionable. The power to do a thing and the duty to do it are not the same. It is not a duty to do that which one has not the power to do, but where the power to do is coupled with the duty to do, and injury results from the neglect to perform the duty, then liability arises. Appellant may not be compellable to open a single street, but having exercised the power, it must keep the street reasonably safe. There is a similar provision in the charter of Brooklyn, and the city was held liable.—*Bieling v. Brooklyn*, 120 N. Y. 98; 5 Amer. & Eng. Corp. Cas. 57, note.

The second objection raised by the demurrer, that the excavation, which was the cause of the plaintiff's injury, was too slight to show negligence on the part of the defendant, was not a question to be raised by demurrer; and the court properly submitted the question to the jury.—*Hughes v. Lawrence*, 9 Amer. R. R. & Corp. Rep. 216; *Fitzgerald v. Woburn*, 109 Mass. 205. It was competent for the plaintiff to prove that other persons were injured from stepping into the ditch about the time of the injury to the plaintiff.—*Birmingham Un. R. Co. v. Alexander*, 93 Ala. 133; *District of Columbia v. Armes*, 107 U. S. 579. Charges given at the request of the plaintiff were correct, and the court did not err in giving them.—*Mayor v. Tayloe*, 105 Ala. 170; *Montgomery v. Wright*, 72 Ala. 411; Buswell on Personal Injuries, §§ 164, 165. The court properly refused to give the fourth charge requested by the defendant.—*Montgomery v. Wright*, 72 Ala. 411; *Mayor, &c. of Birmingham v. Tayloe*, 105 Ala. 170; 5 Amer. & Eng. Corp. Cases, 53; Buswell on Personal Injuries, §§ 164, 165.

[Mayor and Aldermen of Birmingham v. Starr.]

COLEMAN, J.—The appellee, while walking along a sidewalk of one of the streets of the city of Birmingham, fell, from which she received a personal injury. She brought this action to recover damages sustained by the fall. The complaint avers a depression in the sidewalk, of three feet in width and three inches in depth, which caused the fall, knowledge of the defect, the duty to repair, and neglect of duty in not repairing it. The defendant demurred to the complaint, assigning two grounds, the second and fourth, which we deem entitled to consideration. The second is "that the complaint does not show that the sidewalk was in such condition as to be dangerous to a person exercising ordinary care." It may be that courts have judicial knowledge that every slight elevation or depression in the streets or sidewalks of a city are such imperfections, as not to be dangerous to persons exercising ordinary care, as held in the case of *Raymond v. City of Lowell*, 53 Am. Dec. 57, 6 Cush. (Mass.) 524 ; but the defects described in the complaint, with the averments of injury sustained, *prima facie* show an actionable defect. Much depends upon the circumstances and conditions, whether a defect is actionable, which can be shown only by evidence, but which circumstances and conditions need not be detailed in the complaint.

The fourth ground of demurrer raises the question of the liability of the city under its charter, for failing to keep in good repair its streets and sidewalks after notice. The complaint must be construed as if it contained at length the provisions of the charter, which impose the duty upon the city, and considered in this view, the question is properly raised by demurrer.—*Albrittin v. Mayor & Aldermen of Huntsville*, 60 Ala. 494 ; *Smoot v. Wetumpka*, 24 Ala. 121.

It is conceded, and it has become the settled law now, wherever a city or town is required, or power is conferred, by its charter, to repair and keep in good condition its streets and sidewalks, the duty arises, and the city is liable to any one sustaining damages by a failure to perform the duty, unless the city is exempted from responsibility, and we think it may be safely added, that liability should be clearly negatived, or the exemption clearly stated.—2 Dillon Mun. Corp., §§ 1017, 1018, 1023, and authorities cited to the text. Counsel

for appellant contend, that conceding this to be the law, the charter of the city of Birmingham contains just such provisions. The sections of the charter relied up are contained in sections 21 and 35, Acts of 1890-91, pp. 133, 149. Subdivision 11 of section 21, p. 135, reads as follows: "To establish streets, avenues and alleys, and regulate and control the paving and curbing of streets sidewalks, and the fixing and giving the grade thereof; to compel the removal of obstructions from any highway in the city, and to open, alter, widen, extend, grade, cut down, fill in and pave or otherwise alter and improve all streets, avenues, sidewalks, alleys and public places of the city; but the said mayor and aldermen shall not be liable for a failure to exercise this power."

"Section 35. *Be it further enacted*, That the board of mayor and aldermen shall have full power and authority to pass any other laws or ordinances they may deem necessary to carry into effect the rights they possess to improve the highways of the city as aforesaid at the expense of abutting property owners, and to assess the the same according to frontage or benefits, as they deem best, and to provide the machinery for the assessment· and collection of such assessment, and to make them a lien on such abutting property, and the power granted by such section is an additional grant, and shall not affect the rights and powers above conferred upon said board of·mayor and aldermen; but the city shall not be liable for the failure by the board to exercise these and other powers in respect to streets, avenues, alleys and sidewalks."

In the first quoted section authority is given 66 "to establish streets, * * and to regulate and control the paving and curbing of streets and sidewalks, and to open * * * alter and improve all avenues, streets and sidewalks. But the mayor and aldermen shall not be liable for a failure to exercise this power." Shall not be liable for what? For·a failure to establish streets, sidewalks, and for failing to alter and improve streets and sidewalks, &c. There is nothing in this provision fairly construed to exempt the city from liability for establishing a dangerous or defective street or sidewalk. The city is not required to establish a street or sidewalk, but if it undertakes to exercise the power conferred, it must do so in a legal way. In one sense, any repairs upon a

street or sidewalk is an improvement, but read in connection with the object intended, and the duties in general owed by a municipality to the public and its citizens, under the charter, "improved," as used, refers to the betterment of streets and sidewalks which have been already established and put in proper condition, and not to such repairs and improvements as are necessary to make and keep them reasonably safe for travel.—*Bieling v. Brooklyn*, 120 N. Y. 98. There was no error in overruling the demurrer to the complaint.

We are of opinion the court erred in receiving the evidence of the witness, Murphy. The fact that other people may at different times have stumbled or fallen at the same place, was not competent to show either the character of the defect at the time plaintiff fell, or that that she did not exercise ordinary care, or that such other persons had notice of the defect, or what care they used to avoid injury. It was a collateral inquiry and, not involving knowledge or intent, does not come within the exception as to collateral facts. The evidence of the witness Murray was especially objectionable in that there was no evidence as to how long before the plaintiff was injured the facts occurred, nor whether the sidewalk was in the same condition.—1 Greenl. Ev., §§ 52, 448 ; *Collins v. Dorchester*, 6 Cush. (Mass.) 397. If there is anything in the case of *Birmingham Railway v. Alexander*, 93 Ala. 133, which expresses a contrary rule, it must be modified as herein declared.

We are of opinion there was no error in the admission of the evidence of the witness Goldsmith. One of the issues was as to the extent and character of the defect, and whether it was such as the city was bound to repair. It was shown that he fell about the same time and at the same place where the plaintiff was injured. Under the authority of the case of *Railway Co. v. Alexander*, 93 Ala. 133, and authorities cited, we think the evidence admissible.

We find no error in the instructions given at the request of plaintiffs. Charges numbered 2 and 3 may have called for explanatory charges, but neither assert erroneous propositions of law. Charges 4 and 6 requested by the defendant were properly refused. Each impliedly asserts that independent of any notice a duty rests upon every person who proposes to travel upon the sidewalks of a

city to use ordinary care and prudence to find out whether or not there are dangerous defects in the sidewalks. If these charges had predicated the plaintiff's duty, upon notice of the defect, or upon notice of facts calculated to put her upon inquiry, or to excite attention and care, they would have been correct.—*Mayor &c. v. Tayloe*, 105 Ala. 170.

The 7th charge requested is argumentative and otherwise faulty, and was properly refused.

The 5th charge requested by the defendant should have been given. If the plaintiff knew or had reason to believe the defect existed, it was the duty of the plaintiff to be on the lookout for it, and if the light was sufficient to reveal the defect, it was her duty to use reasonable care to avoid the danger.

For the errors pointed out the case must be reversed. Reversed and remanded.