Ely Lichtenberger v. The Incorporated Town of Meriden, Appellant.

**Contributory Negligence:** JURY QUESTION: *Sidewalks.* Whether plaintiff, in an action against a municipal corporation, for negligently leaving, without proper guards, an opening in a sidewalk near which he was standing while talking to a friend, was guilty of contributory negligence in stepping backwards into the opening to get out of the way of a passing pedestrian, is a question for the jury, to be determined under all the circumstances attending the accident.

*Appeal from Cherokee District Court.*—Hon. Scott M. Ladd, Judge.

Thursday, December 10, 1896.

Action at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. There was a trial by jury, and a verdict and judgment in favor of the plaintiff. The defendant appeals.—*Affirmed.*

*Argo & McDuffie* and *J. D. F. Smith* for appellant.

*Ernest C. Herrick* for appellee.

Robinson, J.—The defendant is an incorporated town in the county of Cherokee. On the sixth day of May, 1891, the plaintiff fell into a cellarway in a sidewalk of the defendant, and received the injuries of which he complains. The accident occurred at the store building of G. W. Prescott. That fronts eastward on a street which extends from north to south. The sidewalk at that point is eight feet wide. Between the front door and the south side of the building an opening for a cellarway was cut through the sidewalk,

It extended from the building four feet into the walk, and was provided with a cover or door hinged on the south edge. When the door was closed, it was level with, and formed a part of, the walk; and, when it was open, it was perpendicular to the walk, and was hooked to the corner of the building, thus forming a barrier on the south side of the opening. When the door was open, a barrier on the north side was commonly formed, by placing there a shoe box and a joist six feet in length. The front of the opening was not protected. At the time of the accident, the plaintiff stood between the opening, which was uncovered, and the east edge of the sidewalk, facing eastward, conversing with an acquaintance. Prescott came out of the building, and turned southward, passing between the two. The plaintiff states that he stepped backward, to permit Prescott to pass, and fell into the opening, to the floor of the cellar, a distance of not quite five feet. He claims to have sustained permanent and serious injuries from the fall. The amount allowed by the jury for which judgment was rendered was two thousand six hundred twenty-five dollars.

I. There is conflict in the evidence, with respect to the use of the opening, in regard to barricades, when it was uncovered, and the direction from which the plaintiff approached it before the accident. His place of business was about fifty feet further north, on the opposite side of the street. Evidence on the part of the defendant tends to show that he crossed the street diagonally from his shop to Prescott's store, and that he must have seen the opening when he reached the sidewalk. He testifies that he went southward, on the east side of the street, until opposite the bank, which was one hundred feet south of Prescott's store; that he there crossed the street to the bank, and from there went northward to Prescott's store, to look at a colt, which was near it in the

street. After talking with the owner a few minutes, an acquaintance came up, with whom he conversed, at the same time watching his shop, to see if any one went into it. While he was so employed, Prescott came out of the store, as already stated. The plaintiff says, that Prescott "crowded right in between us, and I stepped back, to let Prescott pass; and, when I done so, I fell into the cellar." He states, positively, that he did not know that the cellar was open; that, as he approached the building from the south, he saw a box, barrel, door, or something else against the building; but that it was common to see boxes or barrels in that place, and he did not pay any attention to what was there. The cellarway was made about two years before. It is claimed by the defendant, that it was rarely opened, and then only for actual use, and that, when it was open, it was carefully protected. There is testimony on the part of the plaintiff, that it was frequently open, and that it was not always protected when it was open. We had occasion to consider this case on a former appeal. 91 Iowa, 46 (58 N. W. Rep. 1058). That involved the ruling of the district court in directing a verdict for the defendant, and we held that it was erroneous. The ruling involved two propositions: (1) That the evidence for the plaintiff did not show that the defendant was negligent; and (2) that it showed that the plaintiff was guilty of contributory negligence. We held, in effect, that both propositions should have been submitted to the jury. Our holding on that appeal must be followed now, so far as it is applicable. The evidence for the plaintiff was substantially the same on the second as it was on the first trial, and the evidence for the defendant submitted on the last trial merely created a conflict in the evidence, which the jury was required to decide. Nearly all the cases cited by the appellant and the material points pressed

in argument were considered on the former appeal, and need not be reviewed here. There was evidence of negligence on the part of the defendant. Whether the plaintiff, knowing of the opening, was negligent in not having it in mind when he stepped into it, or whether, having knowledge of it, his mind was diverted from it by circumstances which would have diverted the attention of a reasonably prudent person, were questions properly submitted to the jury; and the evidence was sufficient to authorize a verdict for the plaintiff.

II. It is said that the amount allowed by the jury is not warranted by the evidence. The nature and extent of the injuries sustained by the plaintiff were the subject of much controversy in the district court. If the testimony offered in his behalf was credible, he sustained injuries, both mental and physical, of a very serious and permanent character, which fully authorized the recovery of the amount for which judgment was rendered. We cannot say that the testimony so offered was not credible.

Most of the material questions discussed in argument were determined on the former appeal. We do not find anything which affords sufficient ground for disturbing the judgment of the district court. It is, therefore, AFFIRMED.