I. F. VAN CAMP, Appellee, v. CITY OF KEOKUK, Appellant.

**Special charter cities:** ACTION FOR INJURY: NOTICE: RECOVERY.
1 The fact that plaintiff, in a personal injury action against a special charter city, claims in her petition a greater sum than was demanded in the notice of the accident and claim served on the city under Code, section 1051, will not bar recovery because of want of notice, but judgment will be sustained for the amount claimed in the notice.

**Evidence:** OBJECTION. An objection that evidence was offered too
2 late does not raise the question of its competency.

**Defective walks:** CONTRIBUTORY NEGLIGENCE. One is not guilty of
3 contributory negligence in passing over a walk known to be defective unless he also knew that it was imprudent to attempt to pass over the same.

**Proximate cause.** On the question of proximate cause it is held, that the defect in the walk rather than the act of another, in rapidly passing plaintiff and diverting her attention, was the cause of the accident.

*Appeal from Keokuk Superior Court.*— HON. W. L. MC-NAMARA, Judge.

WEDNESDAY, JUNE 6, 1906.

ACTION at law to recover damages for personal injuries received by plaintiff upon one of defendant's streets.   Trial to a jury, verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*H. R. Collins* and *Hugh H. Craig,* for appellant.

*D. F. Miller* and *Ballinger & Burrows* for appellee.

DEEMER, J.— Plaintiff received her injuries through a defect in one of the sidewalks of defendant city, which it is virtually admitted was by the city negligently allowed to remain in a dangerous condition.   The contentions for appellant are that the action is barred by the statute of limitations, that plaintiff was guilty of contributory negligence, and that the defect was not the proximate cause of plaintiff's injury.   A ruling on the admission of testimony is also challenged, and complaint is made of the court for submitting the issue of contributory negligence to the jury.

I. Plaintiff within the statutory time served notice upon the defendant of the happening of the accident. Within a few weeks thereafter she commenced this suit but in her petition claimed more than she had asked in her notice.   It is contended that as she asked more in her petition than she did in her notice the notice was insufficient, and that plaintiff''s action is barred because of want of notice before bringing suit. Section 1051 of the Code provides in substance that no suit

1. SPECIAL CHARTER CITIES: action for injury: notice: recovery.

shall be brought against a special charter city, of which defendant is one, after three months from the time the injury is received, and not then unless a written verified statement of the amount, nature, and cause of the injury stating the time when the injury was received shall have been presented to the city council or filed with the clerk within thirty days after the alleged injury was sustained. Plaintiff was injured on September 17, 1903. On October 5th she gave her notice, in which she claimed the sum of $800. On November 11th of the same year she brought her suit claiming damages in the sum of $850. On June 22, 1904, she filed an amendment to her petition asking additional damages in the sum of $720, or in all $1,570. Defendant's demurrer to the additional claim of $720 was sustained; and the trial court instructed that in no event could plaintiff recover to exceed $800. The verdict was for that sum. This is not a case of no notice, but one where more is claimed in the petition than was asked in the notice. All purposes to be subserved by the giving of a notice were met and defendant is in no position to complain of the rulings of the trial court on this branch of the case. *Owen v. City,* 98 Iowa, 281; *Kenyon v. City,* 124 Iowa, 195, relied upon by appellant, is not in point, for defendant at no time raised the question there decided. The trial court was not asked to hold that the action was premature and hence made no ruling upon that proposition. That matter cannot be raised for the first time in this court. *Reed v. Muscatine,* 104 Iowa, 183.

II. A map of the city of Keokuk was admitted in evidence over defendant's objection that it came too late. This

2. EVIDENCE: objection.

was a matter wholly within the discretion of the trial court. The competency of the testimony was not called in question by the objection lodged against it.

III. Defendant strenuously insists that the testimony shows conclusively that plaintiff was guilty of contributory

negligence. Ordinarily this element of the case is for a jury, and unless it clearly appears from the admitted facts that plaintiff was guilty of negligence contributing to her injury we should

**3. DEFECTIVE WALKS: contributory negligence.**

not interfere. Plaintiff knew of the defect which caused her injury for some time before she fell, but she was not obliged to keep away from it and abandon the use of the street unless she knew it was imprudent for her to attempt to pass over the same. But in passing over it she was held to the use of such ordinary care as a reasonably prudent person would use under all the circumstances. `Her knowledge of the defect should be taken into account, but with such knowledge she was not obliged to abandon the walk; unless as we have said she not only knew of the defect, but also knew that it was imprudent to pass over the same. *Sylvester v. Town,* 110 Iowa, 256; *Carter v. Lineville,* 117 Iowa, 532; *Barnes v. Marcus,* 96 Iowa, 675; *Hoover v. Town,* 110 Iowa, 571; *Bailey v. Centerville,* 115 Iowa, 271, and cases cited. We think that question was for the jury, and shall not interfere with its findings. The instructions on this subject were correct, and are not seriously complained of.

IV. The contention that the defect was not the proximate cause of the injury is bottomed upon the fact that a barefooted boy rushed rapidly in front of plaintiff just as she was passing the defect, and that her attention was so diverted by the incident, that she

**4. PROXIMATE CAUSE.**

either stepped or her foot slipped into the depression which caused her injury. For defendant it is argued that the injury was due to this intervening agency, and not to the defect in the walk. The injury occurred upon a brick walk, which was in front of a butcher shop, to which plaintiff was bound upon some errand. Just in front of the shop was a good sized rock, which was used as a step into the shop. In front of the shop and partly under the rock was a hole in the sidewalk, some five or six inches deep caused by the

removal of some bricks from the walk. The top of the step was some four or five inches above the level of the sidewalk, and the hole extended the full length of the step. In approaching the butcher shop the hole could easily be avoided in daylight by stepping over it and upon the stone step or door sill. Plaintiff started for the shop after dark and just as she approached it a little boy came rushing by, causing her to shrink backward, and to get her foot into the hole. She said that the boy did not strike her, that " he just ran in front of her on the doorstep " causing her to shrink back, and her foot to slip into the hole; that she was startled by the presence of the boy, and that in consequence her foot slipped, and went into the hole. The presence of the boy under the circumstances disclosed should certainly be taken into account on the question of plaintiff's negligence as it constituted such a diversion of her senses as in the judgment of a jury might well be said to absolve her from the charge of contributory negligence. *Lichtenberger v. Town,* 91 Iowa, 45, Id., 100 Iowa, 221.

But it is contended that the boy was the proximate cause of plaintiff's injury, and not the hole in the walk. This brings to our attention the ever-perplexing question of proximate cause. Defendant contends that the defective walk was a condition and not the cause of the accident, that the boy, a responsible human agent, caused the accident, and that there can be no recovery; while plaintiff contends that the boy did nothing which was actionable, that if he did his conduct was but a concerning cause, and that in any event the accident would not have happened but for defendant's negligence. With plaintiff's contention we are constrained to agree. So far as shown the boy did nothing actionable. He did not touch the plaintiff; nor would his conduct in any way have injured her, but for the hole in the walk. But if he were guilty of negligence, his act was nothing more than a concurring cause, which would not relieve defendant of liability. *Manderschid v. Dubuque,* 25

Iowa, 108; *Gould v. Schermer,* 101 Iowa, 582; *Langham-mer v. City,* 99 Iowa, 295.

Defendant owed plaintiff a positive duty, that of keeping its sidewalk in a reasonably safe condition for public travel, and in such cases an intervening negligent act of another will not excuse it or relieve it of its affirmative duty. *Beck v. Hood,* 185 Pa. 32 (39 Atl. 842). Defendant's act need not be the sole cause of plaintiff's injury, but it must have been such as produced or contributed to the result. *Kitteringham v. Sioux City,* 62 Iowa, 285. In the case before us the defect in the street was something more than a condition. It was in fact the *causa causans* and not the *causa sine qua non.* The cases on this subject are collated in Thompson on Neg. section 6177, and section 43 *et seq.,* to which reference is made. But for defendant's negligent act the intervening conduct of the boy would not have produced the accident. It was that negligent act which caused the injury, and defendant cannot shield itself behind a barefooted boy.

There is no prejudicial error in the record, and the judgment is *affirmed.*