[City Council of Montgomery, et al. v. Bradley & Edwards.]

# City Council of Montgomery, *et al.* v. Bradley & Edwards.

## *Injury to Stock From Defective Streets.*

(Decided Feb. 4, 1909.    48 South. 809.)

1. *Municipal Corporations; Defect in Street; Duty of City.*— Where a city permits an unguarded pit to remain in a street, it violates its duty to keep its streets in a safe condition.

2. *Instructions.*—The issue being whether the defendant city failed to put up safe guards or barriers around the pit in a street, a charge which submits to the jury the question as to whether such city took reasonable precautions to prevent injury, was inapplicable to the issues as well as submitting to the jury a legal question, and its refusal was proper.

3. *Same.*—A charge asserting that a defendant city is not liable for leaving a hole in a street unguarded, if the circumstances surrounding it were such as to put a person exercising reasonable care upon notice of its existence, does not hypothesize any knowledge of such surrounding circumstances on the part of the plaintiff whose property was injured, and is, therefore, properly refused.

4. *Same; Contributory Negligence; Duty to Observe Defect.*—One using a street is not required to be on the lookout for obstructions or defects in the streets, but has the right to assume that the street is in proper condition.

5: *Same.*—One traveling on horseback along the street and leading mules, is under no duty to look ahead all the while to avoid defects in the street.

6. *Charge of Court; Instructions; Assumption of Facts.*—Where the only physical circumstances surrounding a hole in the street was the dirt taken from the excavation, and the evidence was in conflict as to this, a charge asserting and assuming that there were circumstances around the hole, is properly refused.

7. *Appeal and Error; Assignment; Insistence; Waiver.*—Errors assigned but not insisted on are considered to be waived.

APPEAL from Montgomery City Court.

Heard before Hon. A. D. SAYRE.

Action by Bradley & Edwards against the city council of Montgomery and others. From a judgment for plaintiffs, defendants appeal. Affirmed.

The case made by the complaint is that Barrett was employed by Nathan Griel and the corporation of Griel Bros. Company to make certain water connections, and that by permission of the city council Barrett made an excavation in the street, about 4 feet in diameter and about 14 feet deep, and left the excavation unguarded and unattended, into which plaintiffs' mule fell and was killed. The evidence sufficiently appears in the opinion of the court.

The charges refused to the defendant are as follows:

"(2) If the jury believe from the evidence that the defendant Barrett took reasonable precaution to warn the public using this street of the existence of the hole into which the mule fell, then the jury must find for the defendant.

"(3) If the circumstances surrounding the hole into which plaintiff's mule fell were such as to put a person exercising reasonable care upon notice of the existence of such hole, then the jury must find for the defendant.

"(4) If the physical circumstances surrounding the hole into which the plaintiff's mule fell were such as to put a person in the place of Bradley, exercising reasonable care, upon notice of the existence of such hole, then the jury must find for the defendant.

"(5) If the circumstances surrounding the hole into which plaintiffs' mule fell were such as to put a person using the highway, occupying the place occupied by Bradley and exercising reasonable care, upon notice of the existence of such hole, then the jury must find for the defendant.

"(6) If the jury believe from the evidence that the accident resulting in the mule's death was proximately due to the failure of the witness Bradley to look ahead of him while in charge of the mules, the jury must find for the defendant."

Charges 7, 8, and 9 are the affirmative charges in varying forms.

C. P. McIntyre, and S. H. Dent, Jr., for appellant. All the law imposed upon Barnett was to take reasonable precaution to warn the public of the existence of the hole, hence, charge 1 should have been given.—*M. & A. of Birmingham v. McCary,* 84 Ala. 469. Charge 2 should have been given.—*M. & A. of Birmingham v. Starr,* 112 Ala. 98. Charge 3 should have been given.— *Mayor, etc., v. Tayloe,* 105 Ala. 170. On the above authorities the other charges requested should have been given.

Holloway & Brown, for appellee. Each of the refused charges constituted incorrect statements of the law, applicable to this case. It was perfectly legal and natural that Bradley should have been looking back at his mules a part of the time.—*Wadsworth v. Williams,* 101 Ala. 265; *Crawford v. The State,* 112 Ala. 1. Charges must be predicated upon the issues joined.—*Bir. Ry. L. & P. Co. v. City Stables. Co.,* 119 Ala. 615. A municipal corporation disregards one of its plain duties when it permits an ungarded pit to remain in a public thoroughfare.—*Birmingham v. McCary,* 84 Ala. 469; *Birmingham v. Lewis,* 92 Ala. 352; *Lord v. City of Mobile,* 113 Ala. 360. The granting of the permit to Barrett to make the water connection was a sufficient notice to the city of the dangerous character of the work it authorized.—*District of Columbit v. Woodbury,* 136 U. S. 450. Travelers on the street may presume that it is in proper condition for travel.—*Birmingham v. Tayloe,* 105 Ala. 170. Plaintiff was not guilty of contributory negligence.—*Montgomery v. Reese,* 146 Ala. 410; *Montgomery v. Wright,* 77 Ala. 411; *Mayor, etc., v. Starr,*

112 Ala. 98; *Bradford v. Anniston,* 92 Ala. 346; *Mobile v. Shaw,* 43 South. 394.

DOWDELL, C. J.—This is an action for damages for the killing of a mule, caused by the alleged negligence of the defendants. The general issue and contributory negligence were pleaded in short by consent. The assignments of error are based on the refusal of the trial court to give written charges numbered from 2 to 9, inclusive.

The negligence as charged in the second count of the complaint consisted in the failure of the defendants "to put up any proper safeguards or barriers to prevent animals, persons, or vehicles passing along said street from danger of falling therein;" that is, into the hole, 4 feet in diameter and 14 feet deep, which had been dug by the defendant Barnett by permission of the city council in a public street of the city. The evidence is free from conflict as to the injury and as to how it occurred. It is likewise free from conflict that no "safeguards or barriers were put up to prevent animals, etc., from falling" into the hole. It is insisted as a defense by the defendants that a man was stationed at the hole to warn the public of its existence and danger, and that such person gave warning to the plaintiff. The evidence in this respect, however, was in conflict. There was evidence on the part of the defendants tending to show that the dirt taken from the excavation was around the hole to about 3 feet high, while the evidence on plaintiff's part tended to show that the dirt taken from the excavation was thrown on the side next to the sidewalk, and was not around the hole.

There is no question as to the duty under the law resting on the municipality to keep its streets in safe condition for public travel and uses. This duty was im-

[City Council of Montgomery, et al. v. Bradley & Edwards.]

posed upon the municipality by its charter.—Acts 1892-93, p. 368. "A municipal corporation disregards one of its plainest duties when it permits an unguarded pit to remain in a city thoroughfare, where of necessity it is a constant peril to travelers."—*Mayor and Aldermen of Birmingham v. McCary*, 84 Ala. 469, 4 South. 630; *Mayor and Aldermen of Birmingham v. Lewis*, 92 Ala. 352, 9 South. 243; *Lord v. City of Mobile*, 113 Ala. 360, 21 South. 366.

Charge 2, requested by the defendants, was properly refused. This charge not only ignores the duty that rested on one of the defendants, the city council of Montgomery, but refers to the jury to determine what constitutes a reasonable precaution, a question of law. Moreover, charges must be predicated upon the issues joined, which this charge does not do.—*Birmingham Ry. Co. v. City Stables Co.*, 119 Ala. 615, 24 South. 558, 72 Am. St. Rep. 955. The issue as made by the pleadings was the failure of the defendants to put up safeguards or barriers to prevent animals, etc., from the danger of falling into the hole, and not the failure to take "reasonable precautions."

Charges 3, 4, and 5 are substantially the same. Each of these is faulty in assuming that there were "circumstances surrounding the hole into which the plaintiff's mule fell." When the charge is referred to the evidence in the case, which must always be done, the only "circumstances" mentioned "surrounding the hole" was the dirt taken from the excavation, and the evidence as to this was in conflict. Moreover, the charge fails to hypothesize any knowledge or notice on the part of the plaintiffs of the "surrounding circumstances." The plaintiff Bradley had the right to assume that the street was in a proper condition for use, and was under no duty to be on the lookout for the pit in the street, nor

[McLemore v. City of West End.]

was he chargeable with culpable negligence in not discovering it.—*Mayor and Aldermen of Birmingham v. Tayloe,* 105 Ala. 170, 16 South. 576.

Charge 6, refused to the defendants, when referred to the evidence, was palpably bad. Bradley, traveling, as he was, on horseback and leading several mules attached to a halter, was under no duty to be looking forward and ahead of him all the time. The very manner of his traveling justified him as a reasonable and prudent person in looking backward to the mules he was leading at times, as well as forward. Moreover, there is no evidence that Bradley failed to look ahead of him while in charge of the mules.

Charges 7, 8, and 9, refused to the defendanats, were each the general affirmative charge, varying only in form. The assignments of error predicated on the refusal of these charges are not insisted on, and therefore require no further comment.

We find no error in the record, and the judgment is affirmed.

SIMPSON, ANDERSON, DENSON, and MAYFIELD, JJ., concur.

