WILLIAM REINAUER, PLAINTIFF, v. HACKENSACK WATER
COMPANY, DEFENDANT.

·Submitted July 3, 1918—Decided November 12, 1918.

Where an excavation is made in a public highway by a private cor-
poration, for its own use and benefit, the fact that it is made
with the consent of the public authorities does not relieve the
company from the responsibility to the public of restoring the
highway to its permanent normal condition; and it is bound to
use reasonable care, during the process of restoration, to see that
persons traveling on the highway come to no harm by reason of
its transient defective condition.

On defendant's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices SWAYZE
and TRENCHARD.

For the rule, *Edwards & Smith.*

*Contra, James A. Butler* and *William J. McFadden.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE.   The plaintiff, a boy thirteen
years of age, was riding on a two-seated motorcycle driven by
another young man.   They were traveling on the Hudson
county boulevard at night, and, in the darkness, the motor-
cycle struck a depression which the driver failed to observe,
with the result that the plaintiff was thrown off the cycle, his
right foot was caught in the rear wheel, and the leg broken
above the ankle; the fracture being a compound one.   The
depression in the road was due to an excavation made therein
by the defendant company for the purpose of laying a water
pipe under the surface of the highway at that point.   The
proofs justified the conclusion that, after the pipe had been
laid the defendant filled up the opening and caused the earth
to be rammed as solidly as possible, leaving this part of the

surface of the highway at its original level. The proofs also showed that it was impossible in refilling a trench opened in a public road to ram the earth so tightly that it would not thereafter sink below its original level, and that it was necessary to fill it up from time to time as subsidence took place. It also appeared that after the work of refilling nothing had been done by the defendant company with relation to the trench, nor were any means adopted by it of warning persons traveling along the highway of the existence of the subsidence. It was left to the jury to determine whether, under these conditions, the defendant company was negligent, and responsible for the injury to the plaintiff. The jury found that it was, and assessed the plaintiff's damages at $2,000.

It also appeared in the case that this excavation was made by the defendant under permission granted to it by the public authorities having charge of this highway; and the first ground upon which we were asked to set aside the verdict is that after the company once restored the highway to its normal condition, it was charged with no further responsibility, and that the duty of taking care of any subsidence which should afterward occur, rested solely upon the public authorities. Assuming that, because this work was done with the consent of the public authorities the burden rested upon them to see that the highway, after the work was done, was maintained in a safe and proper condition, that fact does not, we think, relieve the defendant company from responsibility. The work done by it was for its sole use and benefit. Although it was lawfully done, it was in derogation of the public right, and the burden rested upon it of restoring the highway to its normal condition, and to take care of it, so far as the public rights are concerned, until that restoration was permanent. This being so, the fact that the same duty rested upon the public authorities (if such be the fact) does not affect the primary liability of the company. *Brady* v. *Public Service Ry. Co.,* 80 *N. J. L.* 471.

The obligation to make a permanent restoration of the highway being imposed upon the defendant company, it was bound to use reasonable care, during the process of restoration, to

see that persons traveling on the highway should come to no harm by reason of the defective condition caused by it. The method to be adopted to prevent injury to travelers on the highway is, of course, one to be determined by the person responsible for its defective condition, provided that the method selected shows reasonable care used for the protection of the public. As nothing was done by the defendant for the public safety after the temporary repair of the road, the jury was justified in holding it responsible for the plaintiff's injury.

We are further asked to set this verdict aside upon the ground that the damages awarded were excessive. No good purpose will be served by an analysis of the plaintiff's injuries, and of the pain and suffering produced thereby. It is enough to say that, after a full consideration of this branch of the case, the award seems to us to be a reasonable one.

The rule to show cause will be discharged.