142 So. 80

### HOUSTON v. TOWN OF WAVERLY et al.

5 Div. 99.

· Supreme Court of Alabama.

May 26, 1932.

Jas. W. Strother, of Dadeville, and W. O. Walton, of Lafayette, for appellant.

102

C. S. Moon, of Lafayette, and Denson & Denson, of Opelika, for appellees.

**BROWN, J.**

Action on the case by the appellant against appellees for personal injury alleged to have resulted in consequence of a defect in a sidewalk in the town of Waverly.

The trial court sustained the defendants' demurrers to the first and second counts of the complaint, and appellant here insists that in this ruling the court committed error.

The averments of the first count as to the location and character of the defect are "that plaintiff was walking along the sidewalk on the North side of the Town of Waverly, in the Town of Waverly, Alabama, along which the public was accustomed to pass, and while plaintiff was so walking along said public sidewalk, she stepped into a deep hole or cut in and upon said sidewalk, injuring plaintiff," etc.

The averments of the second count are: "Plaintiff was walking along the public side-

walk on the North side of the Town of Waverly, and in the Town of Waverly, in Chambers County, Alabama, along which the public was accustomed to pass, and while plaintiff was so walking along said public sidewalk, she stepped into a hole or excavation in and upon said sidewalk," etc.

The demurrer takes the point, among others, that said counts fail to allege with sufficient certainty the location of the said defect.

■ The rules of good pleading require that the complaint should show by distinct allegations that the defect was on a street or highway within the corporate limits, and that such street was a public way, or was treated as controlled by the municipality as a public way, at the time when and the place where the injury occurred, and should designate with reasonable certainty the place of the accident or location of the defect which caused the injury. City of Birmingham v. Mauzey, 214 Ala. 476, 108 So. 382; Bryan v. Macon, 91 Ga. 530, 18 S. E. 351; City of Columbus v. Strassner, 124 Ind. 482, 25 N. E. 65; Snow v. Inhabitants of Adams, 1 Cush. (Mass.) 443; 43 C. J. 1227, § 1997, and authorities cited under note 12.

■ ■ The judgment here is that the demurrer was properly sustained.

The case was tried and submitted to the jury under counts 3, 4, and 5 of the complaint as last amended, and defendants' pleas of the general issue, and contributory negligence.

Counts 3 and 4 ascribed the plaintiff's injury to the negligence of the defendants in permitting a hole or excavation in a public sidewalk made by the defendant Sinclair Refining Company in removing an underground tank to remain "open and unfilled," after the same had been called to the attention of both defendants, without warning signs or other devices to safeguard the public in the use of the sidewalk.

To these counts the defendants separately interposed pleas of contributory negligence 5, 6, and 8.

Plea 6 avers that "plaintiff knew of the alleged defect in the sidewalk and negligently failed to exercise reasonable diligence to avoid it, in this, that she failed to observe the exact location of the alleged defect—the hole—and as a proximate consequence of such failure she negligently stepped into said hole, thereby proximately contributing to the injuries complained of."

■ This plea was not subject to any of the objections stated in the demurrer, and the demurrer was overruled without error. City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841; City of Mobile v. Ryser, 217 Ala. 92, 114 So. 903; City of Decatur v. Gilliam, 222 Ala. 377, 133 So. 25.

Pleas 5 and 8 each aver that "at the time of plaintiff's fall mentioned in the complaint, the plaintiff knew or *had reason to believe* that there was a defect or·obstruction in the sidewalk at or about the exact spot where she alleges she fell," etc. (Italics supplied.)

■ ■ The alternative averment, that plaintiff *"had reason to believe,"* is at most an inferential fact, and on demurrer, where the averments are construed most strongly against the pleader and mere intendments rejected in the absence of averred facts justifying such inference, this averment is insufficient as imputing to the plaintiff notice of the alleged defect. Town of Cullman v. McMinn, 109 Ala. 614, 19 So. 981; Barrett et al. v. Central Building & Loan Association, 130 Ala. 294, 30 So. 347; Sloss-Sheffield Steel & Iron Co. v. Smith, 166 Ala. 437, 52 So. 38; Mobile Light & R. Co. v. Harold, 20 Ala. App. 125, 101 So. 163; 49 C. J. 438, 439, § 545.

In the circumstances alleged, knowledge or *notice* on the part of the plaintiff was an essential predicate to a plea of contributory negligence, and, while an averment of *notice* could be sustained by evidence showing that plaintiff had "knowledge of such facts as were calculated to put a man of ordinary and reasonable capacity on the lookout," and authorize an inference to be drawn by the jury that he had "reason to believe" that the defect or obstruction existed, the averment in the plea that plaintiff "had reason to believe that there was a defect or obstruction in the sidewalk," standing alone, does not meet the requirement of the rules of good pleading. City Council of Montgomery v. Reese, 146 Ala. 410, 40 So. 760.

The quotation taken from the text in 13 R. C. L. 475, dealing with the right of persons using a public street or sidewalk to act on the presumption that it is reasonably safe for ordinary travel, that "generally speaking the rule does not apply if the traveler knows of the defect or obstruction in the highway, *or has reason* to believe that it exists," in Vance v. Morgan, et al., 198 Ala. 149, 150, 73 So. 406, was taken from our case of Mayor & Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424, 427; where the court, passing on the sufficiency of a special charge requested by the defendant, observed: "If the plaintiff knew or had reason to believe that the defect existed, it was the duty of the plaintiff to be on the lookout for it; and, if the light was sufficient to reveal the defect, it was her duty to use reasonable care to avoid the danger." There of course, the jury had before them the whole evidence—that showing affirmative facts and affording legitimate inferences arising therefrom—and the utterance was sound as applied to the issue presented by the defendant's pleas of contributory negligence.

■ If the plaintiff had reason to believe the defect existed, arising from facts known to

her, and such facts were sufficient to put a reasonably prudent person on notice, the law imposed on her the duty or reasonable care to avoid the pitfall. City of Decatur v. Gilliam, supra; City of Montgomery et al. v. Bradley & Edwards, 159 Ala. 230, 48 So. 809; Mayor & Aldermen of Birmingham v. Tayloe, 105 Ala. 170, 16 So. 576.

The evidence shows that the sidewalk in question was not paved, and extended along the property line and the main highway leading to Opelika; that in front of the store of one William James a gasoline pump attached to an underground tank had been maintained for the sale of gasoline; that the pump rested on a concrete base on the level with the street's surface. Some weeks before the alleged injury, the pump was removed by the defendant refining company, and later the tank and the concrete base were removed by the refining company. The excavation made to remove the tank was filled in with loose dirt which was packed. Subsequent rains and the use of a hydrant on the front porch of the store, maintained for public use, had caused the earth in the excavation to settle, creating a depression in the sidewalk some five or six feet in length, two or three feet in width, and ranging in depth from nothing to six inches, the greater depression being near the edge of the concrete porch and under the eaves thereof where the most water had fallen.

The plaintiff operated a store east and across the street from the James store, and her residence was west of the James store, but on the same side of the street, the James store being something near halfway between the plaintiff's residence and her store. Plaintiff, as the evidence shows, attended her store daily, and passed the place of the depression in the sidewalk going to and from the store. She sometimes walked, but most of the time went in her automobile.

Although plaintiff testified that she had no knowledge that the excavation had been made and did not know of the depression, the evidence clearly made the case one for the jury, both on the issue of negligence on the part of defendants and also on the question of contributory negligence as alleged in the pleas. City of Decatur v. Gilliam, supra.

The verdict of the jury being for the defendants, assignments of error based on ruling in the admission or rejection of evidence going to show the extent of the injury, or other elements of damages suffered by the plaintiff, canot avail to reverse the judgment. If errors intervened here, they would be without injury.

The court sustained objection to the following question asked the witness Moreman by plaintiff's counsel: "Don't you remember that near the time that Mrs. Houston had her fall, that at least two other people fell at the same depression?" The witness had just testified in answer to another question: "I don't know when she had the fall." In the light of this statement, the question was objectionable as calling, in part at least, for a conclusion, and, though this objection was not stated as a ground of objection, the court will not be put in error for sustaining the objection. Morgan Hill Paving Co. v. Pratt City Sav. Bank, 220 Ala. 683, 127 So. 500; Feore v. Trammel, 213 Ala. 293, 104 So. 808.

The element of time was essential to render this testimony admissible. Mayor & Aldermen of Birmingham v. Starr, 112 Ala. 98, 20 So. 424. We have examined the other rulings on evidence and find nothing therein that requires treatment.

The excerpt from the oral charge of the court, considered in connection with the entire charge, is free from reversible error. Mayor & Aldermen of Birmingham v. Starr, supra; Vance v. Morgan, 198 Ala. 149, 73 So. 406.

The general charge requested by the plaintiff was properly refused; the issues were for the jury.

Plaintiff's refused charges 2 and 3 were invasive of the province of the jury.

Refused charge 4 pretermitted negligence on the part of defendants.

There was no evidence of wanton, willful, or intentional wrong. Charge 6 requested by the plaintiff was therefore refused without error.

Absent-mindedness or momentary forgetfulness, though a pedestrian has knowledge of a defect in a public way, does not in all circumstances constitute contributory negligence. In City of Birmingham v. Edwards, 201 Ala. 251, 77 So. 841, it was observed: "In Lyon v. Grand Rapids, 121 Wis. 609, 99 N. W. 311, it is held that, where it is shown in an action of this character that the plaintiff knew of the defect in the sidewalk, then contributory fault on her part in not remembering and avoiding the danger is to be presumed, in the absence of satisfactory excuse for forgetting it, but that this presumption yields easily to evidence showing *circumstances reasonably calculated* to cause a person so circumstanced to momentarily forget the danger. * * * 'The rule seems to be that if there is a sufficient cause for the temporary forgetfulness, or the attention of the traveler is diverted for the moment, the failure to take notice of the defect is not contributory negligence.' * * * From our investigation of the subject, we have concluded that the true rule is succinctly stated by the Supreme Court of Wisconsin in the case of Lyon v. Grand Rapids, supra, to the effect that when the plaintiff knew of the defect in

the sidewalk, then contributory negligence on her part in not remembering and avoiding the danger is to be presumed, in the absence of satisfactory excuse for forgetting. This rule merely places upon the pedestrian, after it appears that he well knew of the defective condition of the sidewalk, and its attending danger, the burden of offering testimony to excuse his forgetfulness or inattention." 201 Ala. 254, 255, 77 So. 841, 844. (Italics supplied.)

There was evidence going to show that plaintiff, at the time of her injury, was walking home from her place of business at night, attended by her son nine years of age; that the boy was riding a bicycle, and just at the point of the alleged defect, when plaintiff was within a few feet thereof, the boy rode the bicycle in front of her, passing from the street onto the sidewalk, a circumstance which the jury might have found was sufficient to detract her attention and excuse her forgetfulness. City of Birmingham v. Edwards, supra; City of Montgomery et al. v. Bradley & Edwards, 159 Ala. 230, 48 So. 809; Crites v. City of New Richmond, 98 Wis. 55, 73 N. W. 322; Barton v. City of Springfield, 110 Mass. 131; Lichtenberger v. Incorporated Town of Meriden, 100 Iowa, 221, 69 N. W. 424; Newcastle v. Grubbs, 171 Ind. 482, 86 N. E. 757; Mattoon v. Worland, 97 Ill. App. 13; Butcher v. City of Philadelphia, 202 Pa. 1, 51 A. 330; Duncan v. Grand Rapids, 121 Wis. 626, 99 N. W. 317; Bradley v. Spickardsville, 90 Mo. App. 416; Foels v. Tonawanda, 75 Hun, 363, 27 N. Y. S. 113; Richardson v. City of Syracuse, 41 App. Div. 118, 58 N. Y. S. 487; Niven v. City of Rochester, 76 N. Y. 619, and other cases cited in note to Lerner v. Philadelphia, 21 L. R. A. (N. S.) 648–650.

■ Special charges 1, 3, and 8, given at the request of defendants, erroneously assume that the facts hypothesized constitute contributory negligence as a matter of law, and the court erred in giving each of these charges.

■ To constitute imputed notice, in the absence of statute, it is not enough that a party be put on inquiry, but the facts brought to his knowledge must be sufficient to produce reasonable conviction that such inquiry, if followed up, would lead to knowledge of the fact. Tompkins v. Henderson & Co., 83 Ala. 391, 3 So. 774; Figh et al. v. Taber, 203 Ala. 253, 82 So. 495; Gamble v. Black Warrior Coal Co., 172 Ala. 669, 55 So. 190.

Some of the charges given for defendants, notably charge 8, ignore this principle, and in giving these charges the court erred.

■ The fact that the defendant Sinclair Refining Company made the excavation by license of the municipal authorities did not exempt it from the duty of using reasonable care to prevent injuries therefrom to persons lawfully using the sidewalk, and it was under duty, after completing the work, to restore the sidewalk to a condition of reasonable safety, and to take care of any subsidence resulting from rainfall. Reinauer v. Hackensack Water Co., 92 N. J. Law, 8, 105 A. 15, 16; 29 C. J. 679, § 442; 13 R. C. L. 317, § 262; Dunn & Lallande Brothers v. Gunn, 149 Ala. 583, 42 So. 686.

In Reinauer v. Hackensack Water Co., supra, the court observed: "It also appeared in the case that this excavation was made by the defendant under premission granted to it by the public authorities having charge of this highway; and the first ground upon which we are asked to set aside the verdict is that, after the company once restored the highway to its normal condition, it was charged with no further responsibility, and that the duty of taking care of any subsidence which should afterward occur rested solely upon the public authorities. Assuming that, because this work was done with the consent of the public authorities, the burden rested upon them to see that the highway, after the work was done, was maintained in a safe and proper condition, that fact does not, we think, relieve the defendant company from responsibility. The work done by it was for its sole use and benefit. Although it was lawfully done, it was in derogation of the public right, and the burden rested upon it of restoring the highway to its normal condition, and to take care of it, so far as the public rights are concerned, until that restoration was permanent."

■ Charges A-1, A-2, A-4, A-5, and A-6 pretermit the duty resting on the defendant refining company to anticipate and take care of subsidence of the loose earth from natural causes, and the court erred in giving them.

The judgment of the circuit court is therefore reversed, and the cause will be remanded for another trial.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and KNIGHT, JJ., concur.