## WILLIAM P. HENRY

*v.*

## CHARLES HALLOWAY.

BILL OF EXCEPTIONS — *should show that it contains all the evidence.* Where the bill of exceptions fails to show that it contains all the evidence introduced upon the trial in the court below, it will be presumed, on appeal to the Supreme Court, that other testimony was heard, and that the evidence before the court was sufficient to authorize the judgment rendered.

APPEAL from the Circuit Court of La Salle county; the Hon. EDWIN S. LELAND, Judge, presiding.

Messrs. BOWEN & MOLONEY, for the appellant.

Messrs. RICE & WALBRIDGE, for the appellee.

Mr. JUSTICE CRAIG delivered the opinion of the Court:

This was an action of ejectment, brought by appellant, in the circuit court of La Salle county, against appellee, to recover the possession of lots 8 and 9, in block 49, in State's addition to Ottawa.

By agreement, a jury was waived, and a trial had before the court, which resulted in a judgment in favor of appellant for lot 9, but as to lot 8 the judgment was in favor of appellee, to reverse which appellant brings the record here by appeal.

On the trial, the appellant, to establish title in himself, read in evidence a deed from the trustees of the Illinois and Michigan canal to Andrew J. Galloway, and also a deed from Galloway to himself.

Appellee, to sustain the issues on his part, read in evidence a tax deed, made by the mayor of the city of Ottawa, August 6, 1868, to Lucien B. Delano, which deed showed upon its face that, at the December term, 1866, of the county court of La Salle county, judgment was rendered against the property, in favor of the city of Ottawa, for a certain sum of money, for the non-payment of taxes, under which, on the 11th day of February, 1867, the property was sold, and purchased by Delano, for the taxes and costs due thereon.

Appellee also read in evidence an act of the General Assembly of the State incorporating the city of Ottawa, section 14 of which prescribes the form of a tax deed on the sale of city property for the non-payment of taxes.

Section 15 of the act is as follows: "Deeds on all sales for taxes and assessments upon real estate, under this charter, shall be acknowledged as other conveyances, and, when executed and acknowledged as aforesaid, they shall be decreed and deemed, and taken. to be *prima facie* evidence of the existence and regularity of all such prior proceedings as might otherwise be required to be proven in order to establish the title in the purchaser."

The appellant objected to the introduction of the tax deed, and sections 14 and 15 of article 9 of the act incorporating the city of Ottawa, and now insists that the rule of evidence provided by said section 15 is in conflict with section 4, article 9, of the constitution of 1848, which, in substance, declares that no purchaser of any lands at a sale for the non-

payment of taxes shall be entitled to a deed for the lands
purchased, unless such purchaser shall, three months before
the expiration of the time of redemption, serve a written
notice of such purchase on the person in possession of the
land, which notice shall contain the description of the land,
when purchased, and when the time of redemption will ex-
pire, etc.   In like manner, a notice shall be served on the
person in whose name the land shall have been taxed, if such
person is a resident of the county where the land lies, and if
such person does not reside in the county, such notice shall
be published in a newspaper; and that such purchaser shall,
before he shall be entitled to a deed, make, and file with the
person authorized to make a deed, an affidavit of compliance
with this provision of the constitution.

Whether the position contended for by appellant is the
correct one or not, does not properly arise upon this record,
and we express no opinion upon it.

The bill of exceptions contained in the record does not
profess to contain all the evidence introduced on the trial;
and where the bill of exceptions fails to show that it con-
tains all the evidence introduced upon the trial, we will pre-
sume that other testimony was heard by the court, and that
the evidence before the court was sufficient to authorize the
judgment rendered.

The practice upon this question has been uniform, and is
well settled by numerous decisions of this court, and it must
be adhered to.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*