## DAVENPORT & COX

*v.*

## CATHARINE RYAN.

1. WITNESS—*husband for wife.* In an action by a wife to recover damages for injury sustained by her from the sale of intoxicating liquor to her husband, the latter is a competent witness for her.

2. ERROR *will not always reverse.* Where the court directs the jury that exemplary damages may be allowed in addition to the actual damages proved, even if improper, as being in a case where exemplary damages are not allowed, yet if it clearly appears that the verdict is for less than the actual damages, the judgment will not be reversed.

APPEAL from the Circuit Court of Morgan county; the Hon. CYRUS EPLER, Judge, presiding.

Messrs. MORRISON, WHITLOCK & LIPPINCOTT, for the appellants.

Messrs. KETCHAM & TAYLOR, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was *case*, in the Morgan circuit court, by Catharine Ryan, plaintiff, and against Lewis M. Davenport and Albert W. Cox, proprietors of a certain room in Jacksonville, in which was kept intoxicating liquors, for sale by them, defendants, charging them with selling intoxicating and spirituous liquors to her husband, Michael Ryan, by means whereof he became intoxicated, and heavily fell and fractured his leg, disabling him and rendering it necessary for plaintiff to nurse him, and care for him day and night, and rendering medical attendance a necessity and of great expense, whereby she was injured in her peace of mind, want of rest, etc., and her husband disabled from labor and from the use of any and all means for the support of the plaintiff and the children.

The general issue was pleaded, and the same submitted to a jury, who found the defendants guilty, and assessed the damages to three hundred dollars. A motion for a new trial was

overruled and judgment rendered on the verdict, to reverse which the defendants appeal.

Appellants make but two points to be considered. The first is, as to the competency of the husband of plaintiff as a witness in the cause, on behalf of the plaintiff.

All discussion on this topic is cut off by the decision of this court in *Chicago, Burlington and Quincy Railroad Co.* v. *Dunn*, 52 Ill. 260, where it was held that a right of action for an injury to the wife was her exclusive property, for which she could sue, and which could not be recovered or controlled by the husband. This being so, the points come fully under this clause of section 5, of chapter 51: "Except in cases where the litigation shall be concerning the separate property of the wife, in all which cases the husband and wife may testify for or against each other, in the same manner as other parties may, under the provisions of this act." R. S. 1874, p. 480.

This court, in *Anderson* v. *Friend*, 71 Ill. 475, held, in an action on the case for malicious prosecution, brought by the wife, that her husband was a competent witness for her, under the section above quoted; as the right of action belonged exclusively to her, he could be used as a witness to establish and maintain her right.

The remaining point brings before us the instructions for the plaintiff. Special objection is made to the fourth instruction for plaintiff, which is as follows:

"The question whether the plaintiff in this action has been injured in her means of support, by reason of defendants causing the intoxication of the husband, as charged in the declaration, is one to be determined by the jury; and if they believe, from the evidence, that she has sustained an injury to her support by reason of such act of defendants, then they will find actual damages, as they may believe, from the evidence, she has sustained, and they may add thereto such exemplary damages as they may deem proper and just, under all the circumstances of this case; but their verdict must not exceed the sum of five thousand dollars."

It is insisted by appellants, that no state of facts was presented by the evidence, justifying exemplary damages.

Appellants do not contend there was no ground for finding that actual damages had been sustained by appellee, but question the propriety of awarding exemplary damages, and directing the attention of the jury to that point. The fact that actual damages had been sustained not being controverted, in view of the evidence on this point it is impossible for us to determine, considering the amount of the verdict, that exemplary damages were awarded. If they were not, the instruction, if erroneous, did no harm. It was in proof, plaintiff's husband was confined, by the fracture, more than one year, and prevented from pursuing his usual round of labor. Medical and surgical attendance was necessary, and expenses were incurred thereby. How the jury estimated the value of all this we do not know, but the finding of the actual damages was not exorbitant in view of the facts proved. Ryan was a brick-moulder, receiving, in summer, for his labor, three dollars and fifty cents per day. In the winter, his time was employed in cutting wood. During eight months he was prevented from working in the brick yard, and for five months from cutting wood—in all thirteen months. Three hundred dollars would not cover the actual loss caused by the defendants' act.

As we can not see, from the amount of the verdict, that exemplary damages have been allowed, the instruction, if erroneous, could have done no harm.

Six instructions were given for appellants, and the seventh, eighth and ninth refused; but no point is made on such refusal, by appellants in their brief and argument. They will not, therefore, be noticed.

Perceiving no error in the judgment, it must be affirmed.

*Judgment affirmed.*