Noy v. Creed.

---

## WILLIAM H. NOY
### v.
### ANN CREED.

1.  PRACTICE—BILL OF EXCEPTIONS MUST CONTAIN ALL THE EVIDENCE. —A bill of exceptions must state that it contains all the evidence in the case, or it will be presumed that there was sufficient evidence to sustain the finding.
2.  EVIDENCE—COMPETENCY OF WITNESS.—In an action by a wife for damages sustained in consequence of intoxication of her husband, caused by sale of liquor to him, the husband is a competent witness in behalf of his wife.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding.

Mr. M. B. WRIGHT and Mr. F. P. MORRIS, for appellant; that proof of actual damages should be made or exemplary damages could not be awarded, cited Freese v. Tripp, 70 Ill. 496; Meidel v. Anthis, 71 Ill. 241; Kellerman v. Arnold, 71 Ill. 632.

That the action must be brought within two years after the offense was committed: Rev. Stat. 1874, 675.

That the husband was not a competent witness in behalf of his wife: Rev. Stat. 1874, 489.

Messrs. HOLLAND & AYRES and Mr. T. B. HARRIS, for appellee; upon the question of what constitutes actual damages, cited Roth v. Eppy, 80 Ill. 283.

Against the objection to an instruction based upon the statute, which makes the owner of a building rented for saloon purposes liable: Rev. Stat. 1874, 439.

PER CURIAM.—This action was originally commenced before a Justice of the Peace by appellee, to recover damages sustained by her in consequence of intoxication of her husband, John Creed, caused by liquor sold to him by appellant.

As the bill of exceptions does not state that it contains all the evidence given on the trial below, we must presume that the evidence was sufficient to sustain the finding of the jury. Cogshall v. Beesley, 76 Ill. 445; Henry v. Holloway, 78 Ill. 356.

In this action the husband was a competent witness in behalf of his wife: Davenport & Co. v. Ryan, 81 Ill. 218. We find no error.

.Judgment affirmed.