### Flora R. Caruthers v. Wm. C. Niblack, Receiver.

1. JUDGMENTS BY CONFESSION—*Waiver of Errors.*—When a judgment is entered by confession and the *cognovit* waives all errors, a writ of error, will not lie to review the judgment.

2. SAME—*Presumptions in Favor of.*—Where a judgment is confessed in open court, it will be presumed that the authority to confess the judgment was passed upon by the court and found sufficient.

3. SAME—*Defects in Declaration Cured by Confession.*—A bad declaration is cured by a confession of judgment.

4. SAME—*Variances Cured by.*—A variance between the declaration and a note sued on can not be availed of when judgment is confessed.

5. BILLS OF EXCEPTIONS—*Should Contain all the Evidence.*—Courts of review will not and in reason can not, base any judicial action upon evidence presented in part only, except it be upon the presumption that the evidence omitted was such as to jusify the action of the trial court.

**Judgment by Confession.** Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1897. Affirmed. Opinion filed January 17, 1898.

HENRY A. FOSTER, attorney for plaintiff in error.

PADDOCK, WRIGHT & BILLINGS and E. A. OTIS, attorneys for defendant in error.

A judgment by confession can not be disturbed after the term at which it is entered, upon the ground of

errors or irregularity. Reynertson v. Central Lumber
Co., 69 Ill. App. 131; Knox et al. v. Winsted Savings
Bank, 57 Ill. 330; Hall v. Jones, 32 Ill. 38; Iglehart v.
Chicago, Marine, etc., Ins. Co., 35 Ill. 514; Rising v.
Brainard, 36 Ill. 79.

The question upon the hearing of the motion to
vacate the judgment was whether there was any equit-
able reason for opening the judgment. Farwell et al.
v. Huston, 151 Ill. 239; Packer v. Roberts, 140 Ill. 9;
Rising v. Brainard, 36 Ill. 79.

The judgment was confessed in open court by war-
rant of attorney, and the legal presumption is that the
authority to confess it was judicially passed upon.
Hall v. Jones, 32 Ill. 38; Iglehart v. Chicago Marine,
etc., Ins. Co., 35 Ill. 514; Iglehart v. Church, 35 Ill.
255; Osgood v. Blackmore, 59 Ill. 261.

The motion to vacate the judgment was not made in
apt time. Hall v. Jones, 32 Ill. 38; Austin v. Lott, 28
Ill. 519; Eberstein v. Willets, 134 Ill. 101; Bush v.
Sherman, 80 Ill. 160; Hoyt v. Pawtucket I. F. S., 110
Ill. 390.

An appeal or writ of error does not lie from the
judgment itself in this case, but only from the order
overruling the motion to vacate the judgment. Knox
v. Winsted Bank, 57 Ill. 330; Werkmeister v. Beau-
mont, 46 Ill. App. 369.

There being no pretense of any fraud, duress or
other misconduct on the part of defendant in error,
nor any knowledge upon his part of any such fraud,
duress or other misconduct having been practiced, the
note and the judgment thereon were valid. Compton
v. Bunker Hill Bank, 96 Ill. 301; Marston v. Britten-
ham, 76 Ill. 611; Spurgin v. Traub, 65 Ill. 170; Fair-
banks v. Snow, 145 Mass. 153; Bates v. Ball, 72
Ill. 108.

The bill of exceptions does not purport to contain

all the evidence, and it will be presumed that there was other evidence sufficient to justify the action of the court below.  Hall v. Jones, 32 Ill. 38; Goodrich v. City of Minonk, 62 Ill. 121; Board of Trustees, etc. v. Misenheimer, 89 Ill. 151; Culliner v. Nash, 76 Ill. 515; Henry v. Halloway, 78 Ill. 356.

The abstract of the record must be complete and purport to contain all of the evidence.  Thompson v. Porter, 68 Ill. App. 424; Shively v. Hettinger, 67 Ill. App. 278.

MR. JUSTICE SEARS DELIVERED THE OPINION OF THE COURT.

At the April term, 1894, of the Superior Court, a judgment was entered against plaintiff in error by confession, upon a promissory note, with warrant of attorney, made by her and one James P. Caruthers.  At the June term, 1897, of the court a motion was made by plaintiff in error to vacate the judgment, and for leave to plead.  Affidavits were filed in support of the motion.  The motion was overruled.  To review the order overruling the motion, this writ of error is brought.

Assignments of error numbered 1, 7, 8, 9, 10, 11, 12 and 13, all go to the entering of the judgment, are not well assigned, and hence can not be considered.  The *cognovit* waived all errors.  In such case a writ of error will not lie to review a judgment by confession.  Little v. Dyer, 35 Ill. App. 85; Werkmeister v. Beaumont, 46 Ill. App. 369; Frear v. Commercial N. B., 73 Ill. 473; Hall v. Hamilton, 74 Ill. 437.

The judgment was confessed in open court, and it is presumed that the authority to confess the judgment was passed upon by the court and found sufficient. Hall v. Jones, 32 Ill. 38.

A bad declaration is cured by the confession of the

judgment.   Iglehart v. Chicago M., etc., Ins. Co., 35 Ill. 514.

Nor can a variance between the declaration and the note be availed of when judgment is confessed. Adam v. Arnold, 86 Ill. 185.

The second, third, fourth, fifth and sixth errors assigned go to the order overruling the motion to vacate, and for leave to plead.   To enable this court to pass upon the action of the trial court in thus ordering, it is essential that we have before us all the evidence heard by the court in support of the motion.   In no other way can we determine what equitable grounds were presented to the trial court upon its consideration of all the evidence.   Unfortunately the abstract here fails to show that all the evidence is preserved by bill of exceptions.   Nor is it a fault in preparation of abstract, for the bill of exceptions as presented by the record, is insufficient, and does not purport to contain all the evidence.

Courts of review will not, and in reason can not, base any judicial action upon evidence presented in part only, except it be upon the presumption that the evidence omitted was such as to justify the action of the trial court.   Culliner v. Nash, 76 Ill. 515; Henry v. Halloway, 78 Ill. 356; Board of Trustees v. Misenheimer, 89 Ill. 151.

We are therefore compelled to decline to pass upon the sufficiency of equitable grounds as shown by such of the evidence as is brought here.

The order of the Superior Court is affirmed.