MAHONEY v. CITY OF HELENA et al.

(Circuit Court, D. Montana.    August 20, 1899.)

No. 541.

NUISANCE—OBSTRUCTION IN STREET—LIABILITY FOR PERSONAL INJURY.

A receiver of a water company cannot be held liable in damages for a personal injury received by a person in tripping and falling over the top of a stop box which projected above the surface of the ground on the part of a street used for sidewalk purposes, where the box when constructed was placed flush with the surface of the sidewalk, as required by a city ordinance, and its projection was caused by the removal of the sidewalk from around it by some one other than the water company or its receiver.

On Demurrer to Complaint.

T. J. Walsh, for plaintiff.

Clayberg, Corbett & Gunn, for defendants.

KNOWLES, District Judge.    This is an action brought by Mary E. Mahoney against the defendants, the city of Helena and James H. Mills, as the receiver of the Helena Consolidated Water Company, to recover of them damages on account of an injury she received by tripping upon a stopcock or stop box connected with a service pipe belonging to said water company.    She alleges that on account of this accident she fell and received the serious injury described in her complaint.    This said stopcock or stop box was located near the intersection of Broadway and Ewing streets, in the city of Helena, Mont.    The part of the street where this stopcock was situated was on the side occupied as a sidewalk.    The said Mills was a receiver of said water company, appointed by this court, and as such had charge of the property of said company, and was operating the same at the date of said injury.    The defendant Mills demurred to the complaint herein, and set forth as a ground thereof that the said complaint did not set forth, as to him, a cause of action.    The complaint sets forth an ordinance of the city of Helena which provides as follows:

"The said Helena Consolidated Water Company shall have the right to put a stopcock in each service pipe below the sidewalk near the curb, and at its own proper cost and expense, and shall box the same securely, and place the cover flush with the sidewalk, and may turn off the water from any premises," etc.

It then appears in the complaint that the said water company put in a stopcock in the said sidewalk at the place aforesaid, in accordance with the provisions of said ordinance, and subsequently the said Mills, as a receiver of said company, used and maintained the same. And it is further alleged:

"That more than a month prior to the 18th day of June, 1898, the sidewalk which had for a long time prior thereto existed about and around the said stopcock and stop box, which said stopcock is an iron pipe extending from the service pipe beneath the ground to a point at the surface, securely boxed, the cover being level with the surface of the said sidewalk as it had heretofore existed, had been torn up and taken away, by reason of which the said stop box had been, during all of said time, to wit, more than one month, negligently allowed by said defendants to remain protruding above the surface of the said street, and immediately in the path traversed by a large number of persons daily, to a height of about twelve inches."

It is alleged that the plaintiff had no knowledge of this obstruction in the street, and tripped upon the same as she was passing in the nighttime; and that the same existed at a point where foot passengers were liable to pass. The question is here presented as to whether the said Mills can be charged with maintaining this obstruction in said street. If he did, under the rules of the common law he might be liable for any damage occasioned thereby; for it might be considered as a public nuisance in a public highway. It appears, however, that the stopcock was properly placed in the first instance, in accordance with the city ordinance, and that its cover was flush with the sidewalk. It does not appear that Mills removed the pavement from around the same, or had anything to do with such removal. It is not stated who removed the same. It was the duty of the city of Helena to repair this sidewalk. Under the statute law of Montana (see section 4703, Pol. Code), it is provided that such a city as Helena "has such powers as are incident to municipal corporations not inconsistent with the laws of the United States or the state." And section 4800 of said Political Code gives to the city council of such cities as Helena the power "to lay out, establish, open, alter, widen, extend, grade, pave or otherwise improve streets, alleys, avenues, sidewalks, parks and public grounds, and vacate the same." Under such powers there can be no doubt but that it is the duty of the city of Helena to repair its sidewalks when they have been damaged or removed. In Barnes v. District, 91 U. S. 540, it is held "that a municipal corporation holding a voluntary charter as a city or village is responsible for its mere negligence in the care and maintenance of its streets. To the same effect are the cases of City of Chicago v. Robbins, 2 Black, 418; Nebraska City v. Campbell, Id. 590; Webster v. City of Beaver Dam, 84 Fed. 280; Saulsbury v. Village of Ithaca, 46 Am. Rep. 122. It is claimed that Mills should have lowered this stopcock to the level of the street after the pavement was removed. I cannot see that this was his duty. He had the right to suppose the city would perform its duty and replace the removed sidewalk in a reasonable time. If he had lowered it, and the sidewalk had been replaced, he might then have been charged with maintaining a public nuisance at that point until it was raised. It does not seem to be claimed that he was required to replace the removed pavement, or that he had the right to do it. He had no rights, as a receiver of said company, in the streets of Helena, save those given the company by city ordinances. If he had removed the pavement it would have been his duty to replace it, but otherwise he would have no right to replace the same. It does not appear that the grade of

the sidewalk had been changed. Some one removed it; it is not stated who. In the case of State v. Rankin, 16 Am. Rep. 737, it is said:

"While it is true that the defendant would be liable if his obstruction of the creek by his pond and dam was in itself the cause of the injuries complained of, yet, if the consequences are to be attributed to the acts of others so affecting his property that it becomes a public nuisance, it would not appear consistent with justice· or propriety that he should be held to responsibility."

This view commends itself to me. The party who removed the pavement from around the said defendant's stopcock made it a public nuisance, and it was neither the duty of Mills, nor his right, to replace that pavement, but the duty of the city of Helena. I do not think the case of Lon M. Robinson against James H. Mills, receiver, tried in the district court of this state, involved the same considerations as are here presented. If there was any nuisance presented in that case, the defendant created the same in the first instance. The demurrer is sustained.