## City of Rock Island v. Mary A. Larkin.

### Gen. No. 4,853.

1. INSTRUCTION—*upon question of negligence as basis of recovery; when erroneous.* An instruction is erroneous which standing alone permits recovery upon proof of any negligence, but such instruction is cured where the instructions as a series authorize a verdict only where the negligence charged has been established.

2. DECLARATION—*when sufficiently alleges constructive notice.* A declaration sufficiently charges constructive notice which alleges that the dangerous condition "was well known to the defendant or would have been known to it by the exercise of ordinary care in the discharge of its duty."

3. HUSBAND AND WIFE—*when former competent as witness for latter.* In an action for personal injuries by the wife, the husband is a competent witness.

4. TRIAL—*when objection as to time of, comes too late.* A party who goes to trial without objection cannot after an adverse verdict object to the time and order at or in which the case was tried.

5. VERDICT—*when not excessive.* A verdict reduced by *remittitur* to $900, rendered in an action for personal injuries, is not excessive where it appears that the injury complained of was of five years' duration, was to the elbow joint, was permanent and caused the suffering of much pain.

6. CITY—*when liable for injury resulting from obstruction.* It is for the jury to determine whether a valve box placed in a street in violation of ordinance, was such an obstruction, which resulting in a personal injury, as rendered the city liable.

Action in case for personal injuries. Appeal from the Circuit Court of Rock Island County; the Hon. WILLIAM H. GEST, Judge, presiding. Heard in this court at the April term, 1907. Affirmed. Opinion filed October 18, 1907.

OLIVER OLSEN, City Attorney, for appellant; J. T. & S. R. KENWORTHY, of counsel.

SEARLE & MARSHALL, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

This was an action in case brought by Mary A. Larkin, appellee, against the city of Rock Island, appellant, to recover for personal injuries alleged to have been received on Fifth and One-Half avenue, through the negligence of appellant. The negligence alleged is that the defendant "knowingly and negligently permitted the said street to become dangerous and unsafe by reason of an iron valve box which was attached to an underground water service pipe and which projected vertically above the surface of the street a great distance, to-wit, four inches, all of which was well known to the defendant, or would have been known to it by the exercise of ordinary care." On the trial the jury returned a verdict for $2,000 damages in favor of appellee. After the argument of a motion for a new trial, the record recites, that "the court doth overrule the same in so far as said verdict finds the issues for the plaintiff but requires said plaintiff to enter a *remittitur* of the amount of damages so assessed by the jury of $1,100." The plaintiff consented to this requirement, and thereupon judgment was rendered against the defendant for $900 and costs, from which the defendant appeals.

The record shows that appellee lived on the north side of Fifth and One-Half avenue which is an unpaved by-street. A brick sidewalk about four feet wide was in front of the property. In front of the neighbor's lot next east, a foot from the line between the lots, and four inches south of the sidewalk, was an iron valve box with a cap on the top connecting with a water service pipe to the neighbor's house. This iron box projected about five inches above the ground, and had been that way from the time it was put in, somewhere between three to five years before the accident. On

City of Rock Island v. Larkin.

the ninth of July, 1901, the date of the accident, this valve box was partially covered with weeds and grass. Appellee testified that she saw the trench dug when the service pipe was laid some five years before the accident, but had never seen the box. The proof by appellee's husband and son was that the box had remained the same from the time the pipe was laid, and that they had frequently noticed it, but that at the time of the accident it was covered with weeds. It was the custom of the milkman to drive along this street and ring a bell in front of his customers' houses and his customers would come out to the wagon for milk. On the ninth of July, 1901, the milkman stopped in front of the line between the two lots. Appellee went out to the wagon and as she was returning to her house after getting her milk, she stubbed her foot over this box and fell on the sidewalk breaking the humerus in the elbow joint. The judgment was recovered for this injury.

It is insisted on behalf of appellant that under the first instruction given for appellee the recovery was not limited to the negligence complained of in the declaration. The instruction is as follows:

"1. The jury are instructed that it was the duty of the defendant city to use reasonable care and diligence to keep the street in question in a reasonably safe condition. And if the jury believe from the evidence, that the defendant city failed to perform such duty, and that by reason of its negligence in that regard the said street was permitted to become and remain out of repair and in a dangerous condition, and that the defendant city had notice, either actual or implied, of such condition at a sufficient time prior to the injury to the plaintiff to repair the same, and failed to do so, and that by reason thereof, the plaintiff while exercising reasonable care on her part received the injury complained of, then the defendant is liable and the jury should assess the plaintiff's damages as the evidence shows she may have sustained thereby."

The fourth and seventh instructions which were given to the jury are as follows:

"4.  The burden of proof is on the plaintiff to show not only that the defendant city was guilty of negligence, in reference to the obstacle which plaintiff alleges caused the injury, but that plaintiff exercised due care and circumspection in her own conduct."

"7.  If the jury believe from the evidence that the obstacle in the street or sidewalk in question was not in itself dangerous to the safety of a person passing over it, with reasonable care and caution, at the time the plaintiff was passing over it, and the injury received by the plaintiff resulted from a want of care and caution on her part, then the jury should find the defendant not guilty."

The fourth and seventh instructions were given at the request of the defendant, and clearly limited the right of recovery "to the obstacle which plaintiff alleges caused the injury." The first instruction standing alone would be erroneous as it directed a verdict against the city for any negligence that might be shown whether declared upon or not, but the instructions were given as a series; and as a series they state the law accurately. The jury could not have been misled and if they followed the instructions they could not have applied the charge of the court to any other cause of action than the one alleged in the declaration.

It is also claimed that the first instruction is erroneous because it permits a verdict in case the city had constructive notice of the condition of the street, and that this is "at variance with the declaration, for there the charge of negligence is that the city knowingly permitted the valve box to remain above the street." The declaration alleges that the dangerous condition "was well known to the defendant, or would have been known to it by the exercise of ordinary care in the discharge of its duty." Constructive knowledge is alleged and there is no variation. Where constructive knowledge was not alleged, it was held in City of LaSalle v. Porterfield, 138 Ill., 114, and in Village of Gardner v. Paulson, 117 Ill. App., 17, that an allegation that the defect was known to the municipality is sufficiently established by evidence that the same had existed for such a length of

time before the injury complained of that the proper authorities of the municipality would have discovered it by the use of reasonable diligence. There was no reversible error in the instruction complained of.

Appellant insists that the court erred in permitting the husband of appellee to testify in her behalf. The suit was brought by the wife to recover for damages sustained by her. All discussion on this assignment is cut off by the decisions in Chicago, Burlington & Quincy R. R. v. Dunn, 52 Ill., 260; Anderson v. Friend, 71 Ill., 475, and Davenport v. Ryan, 81 Ill., 218, in which it was held that a right of action for an injury to the wife was her exclusive property and comes under the exception to section 5 of chapter 51, to-wit: "except in cases where the litigation shall be concerning the separate property of the wife, in all of which cases the husband or wife may testify for or against each other." The point is attempted to be made that the husband could not testify to the condition of the obstacle before the injury. The objection is not tenable because her personal safety at all times was her individual right and property. There was no error in the admission of the testimony of the husband of appellee.

The case was tried on the 27th day of November, 1906. On the 22nd day of December an affidavit, made by the mayor of Rock Island, was filed in connection with the motion for a new trial setting forth that he is informed that at the May term of the Circuit Court of Rock Island county the presiding judge gave a verbal direction to the clerk to set for trial, beginning with the second day of the September term, thirty common law cases for four days, beginning with number one, until the first one hundred and twenty cases were called, and that said order was without the consent of appellant, and that when said case was called for trial it was not in condition for trial because of the absence of important witnesses, and that counsel for defendant did not know what the said witnesses would swear to, so that defendant was not able to make a showing for a continuance. The bill of exceptions certifies that the case was tried when reached in

regular order and that no objection was made before or at the trial, and that on the hearing of the motion for a new trial the affidavit of the mayor was neither read nor called to the attention of the court, or it would have been stricken from the files. It is clear that the case was not tried under the setting of the trial docket by direction of the court referred to in the affidavit, because that setting only applied to the first four days of the term. Counsel for appellant say: "The statute only permits a setting of ten cases per day," but for some reason do not cite where such provision may be found. Section 16 of the Practice Act, under which this case was tried, provides, "The clerk shall set and apportion the causes for as many days in the term as he may think necessary or be directed by the judge, and all subpoenas for witnesses shall be made returnable on the day * * * on which the cause is set for trial or the first day of the term when such day has not been fixed." From the recitals in the bill of exceptions it appears that appellant made no objections to the trial of the case at that time, but took the chances of obtaining a favorable verdict and when it failed in that, it complains that it went to trial when not ready. Matters not occurring in open court of which the judge has knowledge should not be incorporated into the record by affidavit but should be made to appear in the record by the recitals of the trial judge. The affidavit should have been stricken from the files. Mayes v. People, 106 Ill., 306; Peyton v. Village of Morgan Park, 172 Ill., 102; Gallagher v. People, 211 Ill., 171; Winslow v. Guthrie, 113 Ill. App., 55; Allen v. Clarkson, 108 Ill. App., 448. If appellant was not ready for trial it should have made a motion for a continuance and not having made a motion for a continuance it has no cause of complaint.

It is also insisted that because the verdict was for $2,000 and the trial judge caused a *remittitur* of $1,100, that the jury were actuated by passion, prejudice or undue sympathy, and that the verdict should have been set aside and a new trial granted. The appellee had suffered the injury five years before the date of the trial, had suffered much pain,

City of Rock Island v. Larkin.

and the elbow joint is still stiff so that she has but little use of the arm.    She was so poor that she was permitted to prosecute this suit as a poor person; when the court required her to remit or a new trial would be granted she could not well do otherwise than remit or be further delayed in the recovery of her damages.    In personal injury suits the amount of the damages that should be given is often very problematical.    If appellee was entitled to damages she should have had them five years before the trial; there is no question about the permanency of the injury and the pain and inconvenience resulting from it.    We cannot say that the verdict was so excessive that it was manifestly the result of passion or prejudice on the part of the jury.

It is insisted in this court that if the facts be as proved by the evidence, still the city is not guilty of actionable negligence because of the trivial character of the obstruction and its location upon a portion of the street not used for travel. Appellant did not demur to the evidence or ask for a peremptory instruction in the trial court, but simply denied the allegations of the declaration.    The designation of a portion of the street as a sidewalk for the use of foot passengers and a portion for a driveway does not deprive those who have occasion or desire to go from one to the other from doing so. "All portions of a street, from side to side and end to end, are for the public use in the appropriate and proper method, but no greater duty is cast upon the city than that it shall maintain the respective portions of the street in reasonably safe condition for the purpose for which such portions of the street are respectively devoted." Kohlhof v. City of Chicago, 192 Ill., 249.    The city of Mattoon was held liable for damages to a person passing along the sidewalk who stepped off the walk to the top of an adjacent catch basin six feet from the walk in the lawn between the sidewalk and the curbstone and who was there injured because of a rotten cover on the catch basin.    City of Mattoon v. Worland, 97 . Ill. App., 13.    A person using any portion of a street must use ordinary care for his own safety.    What might be

ordinary care for a foot passenger on the sidewalk would not be ordinary care for a passenger walking across the area between the sidewalk and the portion devoted to the use of vehicles. "It is sufficient we think if the streets (which include sidewalks and bridges thereon) are in a reasonably safe condition for travel in the ordinary modes, by night as well as by day; and whether they are so or not is a practical question to be determined in each case by its particular circumstances." 2 Dillon on Munic. Corp., section 1019; Kohlhof v. City of Chicago, *supra*. A city may permit trees, hitching posts, stepping stones, telegraph poles, hydrants and like conveniences to be placed in the areas between the sidewalks and the traveled portion of the streets, providing the street remains reasonably safe for use by persons lawfully using the same, without regard to the motives and objects of those passing over them. Village of Bureau Junction v. Long, 56 Ill. App., 458. The city of Rock Island had by ordinance provided that valve boxes should be set at the curb line with a T head coming to grade. A permit from the city was necessary before any connection could be made with the city water mains, and such connection must be made under the inspection and control of the superintendent of the water works. Instead of being at grade the top was four to six inches above the grade and hidden by weeds. The shape and location of the box made it more dangerous to a pedestrian than a larger obstacle which would attract the eye. Its proximity to the sidewalk was an element of danger. There was some reason for the city council requiring a box of that kind to be at grade. While a city is not an insurer against accidents nor liable for damages resulting from every obstruction erected under its supervision, yet it is clear the valve box was the proximate cause of appellee's injury, and it is a question of fact for the jury to say whether this valve box which was set in the street in violation of the city ordinances four to six inches out of the ground, four inches from the edge of the sidewalk and covered with weeds, was a dangerous obstruction, and whether the

appellee when injured was in the exercise of due care for her own safety. The jury having found in her favor on both questions we cannot say the judgment was not justified by the evidence. The judgment is affirmed.

*Affirmed.*