# CHARLESTON.

CORBIN v. CITY OF HUNTINGTON.

Submitted October 16, 1917. Decided October 23, 1917.

1. MUNICIPAL CORPORATIONS—*Curb Boxes—Nuisance—Question for Jury.*

Though curb boxes, when in proper repair and located on the outside of a sidewalk in a city or municipality, do not per se constitute nuisances, they may nevertheless become so because of their defective condition and situation therein, and whether they are or not usually presents a question of fact for the jury and not of law for the court. (p. 156).

2. SAME—*Defect in Sidewalk—Negligence—Question for Jury.*

Whether such a curb box, so located in a sidewalk, and behind a water plug, and hidden from view thereby to a pedestrian, and projecting above the surface of the walk by reason of a depression therein, rendered the walk at that point not reasonably safe for such pedestrians, and constituted actionable negligence upon the part of a municipality, presented a question of fact properly submitted to the jury. (p. 157).

3. SAME—*Defect in Street—Contributory Negligence—Question for Jury.*

Generally, one traversing the streets or sidewalks of a municipality has the right to assume that they are in a reasonably safe condition for travel by day and by night, and though defects therein are plainly to be seen, nevertheless, where one has his attention diverted and for good reasons does not see such defects

therein and sustains personal injuries therefrom, the question of his contributory negligence is one for the jury depending on all the facts and circumstances in the case.   (p. 158).

(POFFENBARGER, JUDGE, dissenting).

Error to Circuit Court, Cabell County.

Action by Lottie M. Corbin against the City of Huntington.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*F. M. Livezey,* for plaintiff in error.

*Strickling & Strickling,* for defendant in error.

MILLER, JUDGE :

When this case was here before, 74 W. Va. 479, and for errors not now involved, we reversed the judgment and awarded defendant a new trial.

The amended declaration filed and relied on in the second trial is substantially the same as the original, except, that in the amended declaration there was added averments of due care by plaintiff and the inability of pedestrians going south on Ninth Street, to see the curb box, located as it was behind the water plug standing on the same alignment with reference to the curb, and obscuring it until one was almost in the act of stepping thereon; and also an averment excusing plaintiff from seeing the same and negativing want of due care on her part, in that she was then in charge of her invalid husband, who because of his physical infirmities required great care, and that at the same time she was also burdened with packages containing family supplies which she was carrying on her way home from their place of business.

On the second trial the defendant offered no evidence and at the close of the plaintiff's evidence moved the court to exclude the plaintiff's evidence and to instruct the jury to find a verdict for defendant.   This motion was overruled, and the verdict of the jury was for plaintiff, and fixing her damages at three thousand dollars.   A motion was also interposed by defendant to enter judgment for it non obstante

veredicto, and to set the verdict aside and grant it a new trial, and the judgment complained of was subsequently pronounced, overruling said motions and that plaintiff recover of the defendant the damages found by the jury and her costs.

A number of errors are assigned in the petition, and briefs of counsel, all of which we have examined, but we will respond to those only which seem to be seriously relied on, and which we find worthy of consideration.

The first of these is that neither in the declaration nor in the proof is a case of actionable negligence presented. In the opinion on the former hearing we affirmed the general rule, supported not only by our own cases, but by a majority if not all the reported decisions, where the point has been distinctly in issue, that though curb boxes, when in proper repair and when located in the outside line or that part of the sidewalk in a city or other municipality, usually devoted to objects of like character, such as shade trees, hitching posts, stepping stones, telephone poles and the like, do not constitute nuisances, or improper uses of the streets or walks, and not per se actionable obstructions, but that they may become so by reason of their defective condition or situation therein, and that as a general rule the question presented is one of fact for the jury and not of law for the court. Besides our former decision in this case the following are cited in support of this general doctrine: *Parrish* v. *City of Huntington*, 57 W. Va. 286; *Reynolds* v. *Philadelphia*, 221 Pa. St. 51; *Archer* v. *City of Mt. Vernon*, 67 N. Y. S. 1040; *Redford* v. *Woburn*, 176 Mass. 520; *Rock Island* v. *Larkin*, 136 Ill. App. 579; *Scranton* v. *Catterson*, 94 Pa. St. 202; *Wilkins* v. *Rutland*, 61 Vt. 336; *Mahoney* v. *Helena*, 96 Fed. 790; *Powers* v. *Village of Mechanicville*, 148 N. Y. S. 452; *Conley* v. *Village of Hudson Falls*, 147 N. Y. S. 567. And the same general rule has been applied in cases involving like defects and obstructions in streets and sidewalks. *Jackson* v. *Lansing*, 121 Mich. 279; *Carson* v. *Dresden*, 113 N. Y. S. 959; *Moroney* v. *New York*, 97 N. Y. S. 642, affirmed 117 App. Div. 843, 103 N. Y. S. 1135, and by the court of appeals, 190 N. Y. 560; *Crites* v. *New Richmond*, 98 Wis. 55.

We think the declaration presents a prima facie case within the principles of these decisions; and with respect to the sufficiency of the proof to support the verdict we think the evidence is fuller and supplies weaknesses therein noted on the former hearing, and presented a state of facts justifying the court in submitting to the jury the question whether the curb box in the sidewalk, defective and located as it was behind the water plug and out of the view of pedestrians going south on Ninth Street, and in that part of the sidewalk traversed by them in crossing the street at that point, constituted such an obstruction therein as to render the side walk dangerous and unsafe, and not in that reasonably safe condition required by our decisions.

The evidence we think substantially supports the allegations of the declaration that the curb box was located immediately in the walk way about two feet from the curb line, behind the fire plug when going south on Ninth Street; that the cap or top of this box was broken off leaving a hole from three to four inches in diameter and some two or three feet deep with the rim of the box projecting some two to four inches above the surface of the walk, which at that point by the action of the weather or otherwise had subsided leaving a depression therein some two feet or more wide and from one to two inches deep around the curb box, and thereby adding to the dangerous character of the walk at that point. This defect was directly in the traveled path in crossing the street, and plaintiff swears distinctly that with all due care, considering her then situation, and almost immediately in her effort to turn the corner, and while keeping a look out for vehicles in the street, she stepped upon and the heel of her shoe went down into this hole in the curb box and she was thereby thrown down and sustained the injuries complained of.

As now presented by pleading and proof, therefore, we think the case is brought clearly within the rules and principles of *Parrish* v. *City of Huntington, supra,* and other cases cited, and is not controlled by *Waggener* v. *Town of Point Pleasant,* 42 W. Va. 798, and other cases of that class, relied on by defendant's counsel. Whether because of these

defects, and the facts and circumstances shown in the evidence, the walk was not in a reasonably safe condition for those entitled to use it going by day or night, was, we think, a question of fact for the jury.

But was plaintiff guilty of contributory negligence denying right of recovery? Generally contributory negligence when it depends upon questions of facts and testimony is for the jury. *Foley* v. *City of Huntington,* 51 W. Va. 396; *Snoddy* v. *City of Huntington,* 37 W. Va. 111. True in the case at bar the defendant offered no evidence and the facts can hardly be said to have been in controversy. The evidence shows, however, that the defective curb box was hidden from view by the water plug as plaintiff approached the crossing, and while it could have been seen if she had looked down before the instant she stepped upon it, was she as a matter of law guilty of negligence in not doing so? She had the right to assume that the walk at the street crossing was in a reasonably safe condition. She swears her attention was diverted in looking out for vehicles and for the safety of herself and her husband in crossing the street, and by the burdensome packages she was carrying. Whether under such circumstances it can be said she contributed to her own injuries in such a way as to deny her right of action is according to the authorities generally one of fact for the jury. *City of Valparaiso* v. *Schwerdt,* 40 Ind. App. 608; *Crites* v. *New Richmond, supra; Johnson* v. *Fargo,* 15 N. D. 525; *Maysville* v. *Gilfoyle,* 110 Ky. 670; *Lichtenberger* v. *Meriden,* 100 Iowa 221; *Foels* v. *Tonawanda,* 75 Hun. 363; *Niven* v. *Rochester,* 76 N. Y. 619; *Sampson* v. *Boston,* 184 Mass. 46; *Webb* v. *Heintz,* (Ore.) 97 Pac. 753; *Walton* v. *Colwyn,* 19 Pa. Super. Ct. 172.

Our conclusion upon the whole record is that negligence on the part of the defendant and of want of due care or contributory negligence on the part of plaintiff were upon the pleading and proof adduced questions for the jury and were properly submitted to the proper triers of the fact without error calling for reversal, and that the judgment should be affirmed.

*Affirmed.*

POFFENBARGER, JUDGE, *(dissenting):*

I do not think the defect causing the injury complained of was an actionable one. A city is bound to keep its streets and sidewalks reasonably safe, but not absolutely so. It is not an insurer against mere accidents. Thousands of people had safely passed over this defect, without injury. That is one test of its reasonable safety and a legitimate one. A fall was not a necessary, nor perhaps a usual result of stepping on the pipe or in it with the heel. That might occur a hundred times without injury. What peculiar state of mind or physical attitude of the plaintiff coinciding with her step on the pipe caused her to fall, nobody knows, but common knowledge amply sustains the conclusion that the result was unusual and beyond reasonable anticipation. A mere stumble or turning of the heel or loss of balance does not result in an injury once in a hundred times; nor is a stumble, turning of the heel or loss of balance an inevitable result of a step on a slightly projecting pipe, brick, stone or other object; nor as they are always visible in the light, do pedestrians usually step on or strike them with their feet. For these reasons, I think the case falls within the rule declared in *Waggener* v. *Point Pleasant,* 42 W. Va. 286; *Van Pelt* v. *Clarksburg,* 42 W. Va. 218 and *Yeager* v. *Bluefield,* 40 W. Va. 484.

Moreover, pedestrians are bound to look for open and obvious defects and avoid them, if they can. This one was somewhat obscured by the fire-plug in the approach to it by the plaintiff, but ordinary care would have disclosed its presence to her. On this subject, the rule in this state is very strict and rigid. *Chapman* v. *Milton,* 31 W. Va. 384; *Phillips* v. *County Court,* 31 W. Va. 277; *Moore* v. *Huntington,* 31 W. Va. 842. Risk of danger from travel on an unsafe highway, with knowledge thereof, cannot be assumed without loss of right of recovery for injury suffered in consequence of its use, unless lack of another way rendered the assumption necessary. *Shriver* v. *County Court,* 66 W. Va. 685.

For these reasons, I dissent.