James B. Sheean, Appellee, v. Frank R. Beil, Administrator of Estate of Charles A. Powell, Deceased, Appellee. Einar Carlson, Executor of Estate of William O. Powell, Deceased, Appellant.

Gen. No. 9,378.

Opinion filed April 20, 1939. Rehearing denied May 22, 1939.

HARRY C. TEAR, of Galena, and GEORGE T. SIMPSON, of Minneapolis, Minn., for appellant.

DONALD M. EATON, of Galena, for appellee.

MR. JUSTICE WOLFE delivered the opinion of the court.

Mr. James B. Sheean, an attorney of Galena, Illinois, filed a petition in the circuit court of Jo Daviess county, Illinois, asking that the court declare that he have a lien on certain funds in the estate of William Powell, deceased. The petition alleges that Mr. Sheean was a legally qualified practicing attorney in Jo Daviess county, Illinois; that he had entered into a contract with William Powell, now deceased, to contest his brother's will, and that he was to receive in payment, for his services, one-half of the amount realized from said contest, and all costs advanced by him, in the prosecution of the suit; that he did file said suit, and prosecuted it to a successful conclusion, and the will was set aside on the ground of undue influence; that a part of the cost of prosecuting said suit amounted to $1,215.97 and that a reasonable fee for the services rendered in prosecuting said suit was $4,062.17; that no part of which had been paid; that all of the assets of the Powell estate amounting to $9,340.37 was paid to Frank Beil, who is administrator of the Charles A. Powell estate; that Frank R. Beil now is in possession of $5,278.14, and that on November 24, 1934, the petitioner served notice of his attorney's lien on Joseph Williams, the executor of Charles Powell estate, and January 5, 1938, a like notice was served on Frank R. Beil, administrator of the estate of Charles A. Powell, deceased, and claimed a lien for 50 per cent of the amount received in said will contest, and the cost and expenses advanced by him in the total amount of $5,278.14.

The defendants filed an answer to this petition, in which they admitted that Mr. Sheean was an attorney at law, at the time of the death of Mr. Powell, but denied the other material allegations in the petition. The case was heard before the court without a jury, who found the issues in favor of the petitioner, and declared a lien against the trustees of the estate of Charles Powell, deceased, as prayed for in the petition. It is from this order that this appeal is prosecuted.

The appellee, who is plaintiff below, has filed herein motions to dismiss the appeal. The first motion is, that the appellant does not have such an interest as would give him the right to intervene herein and prosecute this appeal; and that he is not an adverse party, as disclosed by the record in this case. In view of the second motion, which we will consider, we do not deem it necessary to pass upon the first motion, as the second motion disposes of the case.

The second motion is to strike from the record, that part thereof, "purporting to be a copy of the testimony and proceedings of the trial court." Appellee assigns the following reason therefor, viz. "That the trial court did not certify that said purported copy of the testimony contained all of the evidence, or testimony received in the trial." The judge's certificate recites as follows: "This is to certify that the above and foregoing testimony was taken down in shorthand by the official court reporter at the hearing in the above entitled cause, on April 4, and 5, and May 18, 1938, in the Circuit Court of Jo Daviess County, Illinois, and that the same was by him correctly transcribed." A casual examination of this certificate disclosed that all that the judge certifies to, is that the testimony was taken down in shorthand on certain days, and was correctly transcribed by the reporter. Whether this was all of the evidence taken, no one knows. The record

does not show that the hearing of the evidence was concluded, or that either side rested their case. There is no court reporter's certificate that the testimony taken is all of the testimony, and that the same is a true and correct copy, as transcribed by him. Our courts have frequently held, that such a certificate of the judge is fatally defective on appeal. There was a dispute of fact in this case, and the appellants now contend there is not sufficient evidence in the record to sustain the judgment. In the case of *Sutton v. Board of Education,* 259 Ill. App. 193, the court there states the law to be, that where the bill of exception does not purport to contain all of the evidence, the verdict of the jury will not be questioned, and a certificate of the court reporter, that the bill of exceptions contains all the evidence, is not sufficient for that purpose. *People v. Clark,* 298 Ill. 170. To the same effect is *Siegle v. Mitchell,* 249 Ill. App. 116; *Cogshall v. Beesley,* 76 Ill. 445. The court held where a bill of exceptions fails to show that it contains all of the evidence, this court will not decide whether the evidence it does contain, supports the verdict. The reporter's certificate at the foot of the testimony, that it contained all the evidence, will not answer. The judge who tries the case must so certify.

In the case of *Henry v. Halloway,* 78 Ill. 356, we find the following: "Where the bill of exception fails to show that it contains all the evidence introduced upon the trial in the court below, it will be presumed on appeal to the Supreme Court, that other testimony was heard, and that the evidence before the court was sufficient to authorize the judgment rendered." To the same effect is the case of the *Board of Trustees v. Misenheimer,* 89 Ill. 151. Also *People v. Nelson,* 320 Ill. 273. The appellant was served with notice of appellee's motion, but has not seen fit to cite any author-

ity that is opposed to the ones cited by the appellee. If there is any such case, we have not had the opportunity of examining it.

The motion to strike the purported copy of the testimony of the proceedings in the trial court is hereby sustained. The same is stricken, and the judgment of the trial court is hereby affirmed.

*Affirmed.*